AMY, DEMANDANTE Y APELADO, *v.* APONTE ET AL., DEMANDADOS
(DALMAU ET AL., APELANTES.)

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre cobro de cantidad.

No. 2215.—Resuelto en febrero 25, 1921.

OBLIGACIONES DEL CAUSANTE—ALEGACIÓN DE ACEPTACIÓN DE HERENCIA—DEFENSA CUYA ALEGACIÓN INCUMBE AL DEMANDADO.—Cuando se trata de exigir a los herederos el cumplimiento de obligaciones de su causante no es necesario alegar en la demanda que los demandados aceptaron la herencia. La no aceptación es una cuestión de defensa que incumbe alegar a los demandados en el caso de que les asista.

ID.—FIANZA—PARTES DEMANDADAS—SOCIEDAD DE GANANCIALES—CAUSA DE ACCIÓN CONTRA LA VIUDA.—Habiendo sido contraída la obligación por Rafael Palés en abril 29, 1918 para afianzar el pago de una obligación vencedera en julio 31 del mismo año y habiéndose radicado cuatro meses después la demanda dirigida, entre otras personas, contra Isolina Díaz alegándose que el fiador fué casado en segundas nupcias con esta última y que había dejado dos hijos procreados con ella, demandados también, es preciso concluir que la obligación fué contraída durante la sociedad de gananciales de Isolina Díaz y el fiador y que por tanto estuvo bien dirigida contra la viuda.

ID. — ID. — EXCEPCIONES DE FALTA DE HECHOS E INDEBIDA ACUMULACIÓN DE PARTES.—Habiendo sido contraída la deuda por el causante cuando no existía sociedad de gananciales entre él y su primera esposa, sino entre él y su segunda esposa, cometió error la corte al desestimar las excepciones de falta de hechos y de indebida acumulación de partes interpuesta por la primera esposa en cuanto fué demandada por derecho propio.

ID.—ID.—PRÓRROGA SIN CONSENTIMIENTO DEL FIADOR.—El hecho de que el acreedor aceptara el pago de partes de la deuda y demorara algunos meses la reclamación judicial de la parte insoluta no prueba por sí sólo que el acreedor hubiera concedido prórroga al deudor sin conocimiento del fiador, no siendo, por tanto, de aplicación, bajo tales circunstancias, el artículo 1752 del Código Civil.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Tomás Benardini.*

Abogado del apelado: *Sr. F. Cervoni Gely.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Se trata de una acción ejercitada originariamente ante la Corte Municipal de Guayama, de que después conoció en grado de apelación y mediante juicio *de novo* la corte del distrito del mismo nombre, sobre cobro de un pagaré.

El pagaré de que se trata dice así:

"Por $454.71 Cy.—Debo y pagaré a don Enrique Amy Ramú o a su orden, la cantidad de cuatrocientos cincuenta y cuatro dollars con setenta y dos centavos, importe de provisiones y efectivo tomados en su establecimiento a mi entera satisfacción, que me comprometo a pagar el día 31 de julio del corriente año, obligando al fiel cumplimiento de este documento todos mis bienes habidos y por haber y renunciando al fuero de vecindad, domicilio y cuantas leyes pudieran favorecerme.—Guayama, P. R., 29 de abril de 1918.—(f) Antero Aponte.—Como fiador y principal pagador: Raf. Palés Díaz."

La acción ha sido dirigida por Enrique Amy Ramú, demandante, contra Antero Aponte, Elisa Dalmau por sí y como madre con patria potestad sobre su hijo menor, Jorge Rafael Palés Dalmau, e Isolina Díaz de Palés, por sí y como madre con patria potestad sobre sus menores hijos Carlos y Rafael Palés Díaz, demandados, y en la demanda, que ha sido jurada, su fecha 23 de noviembre de 1918, alega el demandante: que el demandado Antero Aponte tomó al demandante con fecha 29 de abril de 1918 en provisiones y en dinero, de su establecimiento, la suma de $454.72, por la que suscribió a su favor el pagaré transcrito, garantizando el pago como fiador solidario Rafael Palés Díaz; que al vencer el documento en 31 de julio de 1918, el demandado Antero Aponte pagó a cuenta del mismo la suma de $54.72, quedando en descubierto la cantidad de $400; que Rafael Palés, fué casado en primeras nupcias con la demandada Elisa Dalmau de la que tuvo un hijo que es el menor Jorge Rafael Palés Dalmau, y en segundas nupcias con la otra demandada Isolina Díaz de Palés, en la que procreó dos hijos que son

los menores Carlos y Rafael Palés Díaz, quienes están bajo
la patria potestad de sus respectivas madres, habiendo fa-
llecido su padre Rafael Palés en la ciudad de Guayama, sin
que se exprese la fecha de su muerte, pero con anterioridad
al vencimiento de la obligación; y que el demandante se ha
dirigido a los demandados, sucesores de Rafael Palés, en
requerimiento de pago sin resultado alguno.

La demanda concluye con la súplica de que se dicte sen-
tencia condenando a los demandados a pagar solidariamente
al demandante la suma de $400 con los intereses desde la
fecha de la demanda y las costas del litigio.

Los demandados, con excepción de Antero Aponte, opu-
sieron a la demanda como excepciones previas, la insuficiencia
de hechos determinantes de una causa de acción en cuanto a
ellos y de indebida acumulación de partes demandadas, por
el fundamento de que en la demanda no se alega que los de-
mandados excepcionantes sean los únicos que componen la su-
cesión de Rafael Palés ni que ellos recibieran bienes de su
causante con o sin beneficio de inventario, apareciendo ade-
más de la misma faz de la demanda que la obligación nacida
de la fianza está extinguida y que ella no contiene alegación
alguna en virtud de la cual la demandada Elisa Dalmau venga
obligada por su propio derecho a responder de la fianza.

Las excepciones fueron desestimadas por orden de 28 de
abril de 1919, concediéndose a las partes demandadas com-
parecientes diez días para contestar la demanda, y al im-
pugnarla en su contestación alegan como materia nueva, que
Rafael Palés en la época de su fallecimiento y aún antes de
su muerte carecía de toda clase de bienes, sin dejar herencia
que hayan adido o que pudieran adir sus herederos y que
los demandados no han recibido bienes de ninguna clase del
difunto por vía de herencia.

Contra el demandado Antero Aponte se había dictado
sentencia en la Corte Municipal de Guayama el 22 de enero
de 1919, condenándolo en rebeldía a pagar al demandante la

suma de $400 reclamados en la demanda y las costas que se causaran en el litigio, sin que esa sentencia fuera apelada para ante la Corte de Distrito de Guayama.

Al celebrarse el juicio con asistencia de los otros demandados y del demandante, la demandada Isolina Díaz de Palés solicitó se le eliminara de la demanda en el carácter de cónyuge viuda en que había sido demandada por no haber derecho ni causa alguna de acción contra ella bajo el expresado carácter, quedando como demandada solamente en el carácter de representante de sus menores hijos. Esa moción fué desestimada sin perjuicio de que Isolina Díaz pudiera alegar la misma razón para que se desestimara la demanda en contra de ella en el concepto de cónyuge viuda de Rafael Palés.

La parte demandante propuso pruebas. Los demandados no lo hicieron. Y la corte dictó sentencia en 18 de diciembre de 1919 condenando a los demandados como herederos y sucesores de Rafael Palés a que abonen y paguen al demandante la suma de $400, resto del montante del pagaré, con más los intereses legales desde la interposición de la demanda, costas y desembolsos, de cuya sentencia apelaron para ante esta Corte Suprema.

Los ejes cardinales sobre que principalmente gira el recurso de apelación son dos, a saber:

1°. Que la corte cometió error al desestimar las excepciones de que los hechos alegados en la demanda no determinan una causa de acción en contra de los demandados-apelantes por falta de alegación de que hubieran aceptado la herencia de Rafael Palés, con o sin beneficio de inventario, y de que Palés hubiera dejado bienes sobre los cuales pudiera recaer aceptación alguna expresa o presunta, por cuya misma razón, también erró la corte al desestimar la excepción de indebida acumulación de partes, pues solamente debió ser traído al juicio Antero Aponte.

2º. Que la corte también erró al pronunciar sentencia contra los demandados y especialmente contra las demandadas Elisa Dalmau e Isolina Díaz a quienes bajo concepto alguno podría afectar la responsabilidad del fiador Rafael Palés por sí o en concepto de esposas de dicho Rafael Palés.

Los menores Jorge Rafael Palés Dalmau y Carlos y Rafael Palés Díaz como hijos de Rafael Palés, son herederos necesarios del mismo, y en tal concepto le sucedieron por el hecho solo de su muerte en todos sus derechos y obligaciones según los artículos 664 (*a*), 665 y 669, del Código Civil.

Indudablemente que si los herederos no aceptan o repudian la herencia de su causante no le suceden en todos sus derechos y obligaciones; pero de ese principio no puede derivarse la consecuencia de que el demandante que trata de exigir a los herederos las responsabilidades de su causante, deba alegar en su demanda que ellos han aceptado la herencia.

Al demandante sólo incumbe alegar la condición de herederos de los demandados, pues como sostiene un ilustrado comentarista del Código Civil, Robles Pozo:

"A partir del fallecimiento del causante, la sustitución de éste por heredero o causa-habiente es simultánea, sin que sea necesario la aceptación, porque ésta se presupone siempre como consecuencia de la sucesión, equivaliendo la repudiación por el heredero a la renuncia de un derecho que ya se tiene o se posee y de una representación adquirida que se abandona y se rechaza o se condiciona al aceptarla ostensiblemente con arreglo a las facultades concedidas por derecho."

La no aceptación de la herencia es una excepción que favorece a los herederos para que se les exima del cumplimiento de las obligaciones en que suceden al difunto por el solo hecho de su muerte, y como excepción es una cuestión de defensa que corresponde alegar a los demandados. *Dapena* v. *Sucesión Dominicci*, 12 D. P. R. 66.

El Tribunal Supremo de España en dos de marzo de 1896, Jurisprudencia Civil, tomo 79, 414, al resolver un recurso de

casación contra sentencia en que unos menores representados por su madre fueron condenados al pago de dinero, en cuyo recurso se alegaba como motivo legal la infracción de los artículos 922 y 1005 del Código Civil Español, resolvió que ninguno de los artículos citados eran aplicables al caso porque los recurrentes condenados al pago de la deuda contraída por su padre eran herederos necesarios del mismo y no se había indicado y tratado de probar que hubieran renunciado a la herencia ni siquiera que la hubieran adido con limitación alguna.

El presente caso es análogo al anterior y se rije por la misma doctrina que dejamos expuesta.

La corte por tanto no cometió error al estimar que los hechos alegados en la demanda determinan una causa de acción. Esa causa de acción existe contra los menores demandados por el hecho de ser sucesores de Rafael Palés y no ser necesaria en la demanda alegación alguna de aceptación de herencia según alegan los recurrentes.

También existe la misma causa de acción contra la viuda Isolina Díaz de Palés. La obligación de fianza fué contraída por Rafael Palés en 29 de abril de 1918 para garantir el pago de una deuda que había de vencer en 31 de julio del mismo año y próximamente cuatro meses después o sea en 23 de noviembre fué radicada la demanda en la cual se alega que Rafael Palés fué casado en segundas nupcias con Isolina Díaz y que había dejado dos hijos procreados con ella. Siendo ello así, la obligación de fianza fué contraída por Rafael Palés durante la sociedad legal de gananciales con Isolina Díaz y esa obligación afectaba a dicha sociedad cuya liquidación no aparece haberse intentado. La acción de cobro ha sido por tanto bien dirigida contra Isolina Díaz por propio derecho y contra los menores Carlos y Rafael Palés Díaz, pues era parte interesada en el pleito tanto en el concepto de heredera usufructuaria de su difunto esposo como

en el concepto de partícipe de la sociedad de gananciales a la que había de afectar el pago de la deuda.   Véanse nuestras decisiones en los casos de *Muñoz* v. *El Registrador de Humacao,* 26 D. P. R. 779 y *Miranda* v. *El Registrador de San Juan,* 28 D. P. R. 394.

No sucede lo propio con la demandada Elisa Dalmau, primera esposa que fué de Rafael Palés, en cuanto ha sido demandada por derecho propio, pues ella no tenía que responder de la deuda contraída por Palés cuando no existía entre ella y Palés sociedad legal de gananciales.   La corte cometió error al desestimar en cuanto a Elisa Dalmau las excepciones de falta de hechos determinantes de una causa de acción y de indebida acumulación de partes.

También alega la parte apelante que la obligación de fianza ha sido extinguida con sujeción al artículo 1752 del Código Civil por haber concedido el acreedor al deudor prórroga para el pago sin el consentimiento del fiador; pero las razones en que pudiera fundarse semejante alegación o sean la de haberse satisfecho por el deudor Antero Aponte al vencimiento de la obligación una parte de ella y el haberse demorado algunos meses la reclamación judicial de pago no justifican la aplicación del precepto legal indicado toda vez que ellas no muestran la existencia de prórroga alguna por el acreedor Amy al deudor Aponte.

La otra alegación que también se hace de pago de la deuda no se hizo en tiempo oportuno al contestar la demanda y no merece consideración.

Las consideraciones expuestas, teniendo en cuenta que sobre la autenticidad del pagaré y existencia de la deuda no existe duda alguna nos llevan a la conclusión de que la sentencia apelada se ajusta a derecho y a las pruebas menos en cuanto se refiere a Elisa Dalmau.

La cuestión única a resolver es la de obligación de pago por los demandados y esa es la que resolvemos.   La relativa

a bienes sobre los cuales deba ejecutarse la sentencia es ajena al presente recurso y no hay base para tratarla por falta de prueba de si Rafael Palés Díaz dejó o no bienes de fortuna. .

Es de confirmarse la sentencia apelada en cuanto afecta a la viuda Isolina Díaz y a los menores Jorge Rafael Palés Dalmau y Carlos y Rafael Palés Díaz y revocarse en cuanto se refiere a Elisa Dalmau, la cual debe ser absuelta de la demanda.

> *Confirmada la sentencia apelada, excepto en cuanto a la demandada Dalmau, la cual se absuelve de la demanda.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.