Georgina Rodríguez, conocida por Georgina Font Rodríguez, demandante y apelante, *v.* Prudencia Ubides Viuda de Font, como heredera universal de Federico Font Delort y su tutora Encarnación Aponte, Domingo Negrón, defensor judicial, demandados y apelados.

Núm. 8076.—*Sometido:* Enero 21, 1941. *Resuelto:* Marzo 18, 1941.

*Pedro M. Porrata* y *Rafael Hernández Matos,* abogados de la apelante;
*Erasto Arjona Siaca,* abogado de la apelada.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La demandante en este caso radicó ante la Corte de Distrito de Ponce una demanda de filiación, en la que en síntesis alegaba que desde el 1889 hasta mediados de 1893 don Federico Font Delort vivió en concubinato, pública y abiertamente, bajo un mismo techo, como marido y mujer con Francisca Rodríguez, quien como consecuencia de esas relaciones concibió a la demandante, dándola a luz en abril 23 de 1892; que tanto al tiempo de la concepción como en la fecha del nacimiento de la demandante, sus padres eran solteros y mayores de 21 años de edad y estaban en condiciones de haber podido contraer matrimonio, sin dispensa; y que desde el momento de su nacimiento hasta la muerte del señor Font, la demandante gozó de la posesión continua del estado de hija natural, justificado por actos directos de dicho señor y de sus familiares. Pide la demandante que se la declare hija natural reconocida de don Federico Font Delort, con todos los derechos que la ley concede a los hijos naturales reconocidos; y que se condene a los demandados que se opongan, al pago de las costas.

La demandada, viuda y única y universal heredera testamentaria del señor Font, contestó la demanda, y después de negar específicamente los hechos esenciales de la misma, como una defensa especial alegó "que ella no ha aceptado ni

expresa ni implícitamente la herencia . . ., no teniendo en la fecha en que fué demandada en este caso, ni posteriormente en todos sus trámites, ni ahora al radicar su contestación presente, el carácter de heredera única y universal de don Federico Font Delort, por lo que, no viene obligada a reconocer a la demandante, como hija natural reconocida de don Federico Font Delort, mientras dicha herencia no haya sido aceptada por la demandada.'' Alegó además, que antes de aceptar o repudiar la herencia ella tiene la facultad de ejercer el derecho de deliberar; que el plazo que la ley le concede a ese efecto no ha empezado a transcurrir; que mientras la demandada no acepte la herencia, no hereda obligación alguna del causante y no viene por tanto obligada a reconocer a la demandante como hija natural de aquél, no siendo parte propiamente demandada en este litigio; y, por último, que la acción que se ejercita está prescrita.

Visto el caso, la corte inferior declaró en su opinión que ''la prueba en cuanto a la demanda fué sólida, robusta y convincente; quedando probados, de la manera más satisfactoria, todos y cada uno de los hechos alegados en la demanda de filiación''; y en cuanto a la alegada defensa especial, dijo:

''La corte, después de haber considerado en conjunto la evidencia y los alegatos presentados por ambas partes, es de opinión, y así lo declara, que la demandada, como única y universal heredera de Federico Font Delort, *no ha aceptado la herencia,* y, por consiguiente, que ella no viene obligada al reconocimiento de la demandante como hija del causante, y que debe declararse, única y exclusivamente por este motivo, sin lugar la demanda, con costas, de acuerdo con el precepto imperativo de la Ley número 69 de 11 de mayo de 1936.''

Para sostener el recurso por ella interpuesto, la demandante apelante ha formulado los siguientes señalamientos de error:

''I. La corte de distrito cometió error al resolver que constituye defensa valedera en derecho la alegación por parte de un heredero, a quien se le reclama una obligación del causante, de que no viene obligado a cumplir el reclamo de la demanda por no haber resuelto antes o después de ser demandado, si aceptar o repudiar la herencia.

"II. Bajo la suposición de que estuviésemos equivocados al imputarle el error núm. I a la corte de distrito, ésta cometió entonces el error de declarar que la intervención en las negociaciones para concertar un arreglo por parte del heredero instituído y sus defensas afirmativas contra la demanda, unidas a los demás hechos establecidos por la demandante, no constituyen aceptación suficiente de la herencia a los efectos del reclamo de la demandante en el presente caso.

"III. Por último, sostiene la demandante que la corte de distrito, bajo los hechos y circunstancias del presente caso, cometió error al no declarar que, a los efectos de esta acción de filiación, la demandada no tenía derecho a prevalecer con su alegación de que todavía no había resuelto si aceptar o repudiar."

Siendo una sola la cuestión legal envuelta en los tres señalamientos, los consideraremos conjuntamente.

▆▆▆▆ Haremos primeramente un resumen de los procedimientos seguidos ante la corte inferior. Don Federico Font Delort falleció el día 3 de febrero de 1934, sin dejar ascendientes ni descendientes legítimos ni legitimados. En su testamento dejó legados a varias personas e instituyó como su única y universal heredera a su esposa, la demandada.

La demanda original, radicada en noviembre 14 de 1934, iba dirigida contra todos y cada uno de los legatarios y contra la viuda del causante, como heredera universal. En enero 25 de 1935, previo permiso de la corte, la demandante radicó la primera demanda enmendada, en la que se hicieron algunos cambios en cuanto a las partes demandadas, sin cambiar la teoría original de la acción. El emplazamiento de la demandada doña Prudencia Ubides, viuda del causante, fué hecho el 15 de noviembre de 1934, notificándosele por medio de su tutor, por haber sido declarada dicha demandada incapaz por orden judicial. Atacada la demanda enmendada mediante mociones para eliminar y excepciones previas formuladas por otras partes demandadas, la demandante enmendó por segunda vez su demanda en 9 de julio de 1935, siendo emplazados de nuevo todos los demandados. En 23 de julio se anotó la rebeldía de la demandada Prudencia Ubides de Font. En 12 de septiembre del mismo año, a moción

de la demandante se dejó sin efecto la rebeldía de la demandada y se concedió permiso a la demandante para radicar una tercera demanda enmendada, la que fué radicada el mismo día. En ella figura como única demandada la viuda del causante. Compareció la demandada en 25 de noviembre de 1935 y formuló moción para eliminar ciertos párrafos de la demanda. Declarada con lugar dicha moción, la corte concedió permiso para enmendar la demanda, quedando radicada la cuarta demanda enmendada en diciembre 10 del mismo año. En enero 21 de 1936, la demandada interpuso excepción previa por alegada insuficiencia de los hechos alegados en la demanda. La excepción fué declarada sin lugar y el 21 de febrero de 1936 la demandada radicó una moción en la que pedía que la actora especificase ciertos particulares "cuyo conocimiento para la demandada es necesario para poder contestar la demanda." Los particulares solicitados se referían a los alegados actos de reconocimiento de la demandante como su hija natural, por don Federico Font Delort, y fechas de los mismos. Concedida en parte dicha moción, la demandante radicó en marzo 30 de 1936 el pliego de particulares. Por fin en abril 7 de 1936 la demandada contestó en la forma que hemos expuesto al principio de esta opinión.

En el acto de la vista, con el objeto de probar la aceptación de la herencia por la demandada Prudencia Ubides, la demandante ofreció la siguiente evidencia:

(a) La escritura sobre formación del inventario de herencia, otorgada en junio 11, 1934, por la albacea testamentaria, en la que compareció don Pedro Juan Ubides, en su carácter de mandatario verbal de doña Encarnación Aponte, ésta tutora de doña Prudencia Ubides, la demandada.

(b) Recibo de la contribución de herencia pagada por la albacea testamentaria en octubre 26 de 1934.

(c) Declaración del Lic. Porrata, abogado de la demandante al efecto de que él hizo gestiones con los demás herederos, a quienes representaba el Lic. Arjona Siaca, para hacer una división de la herencia; que Arjona redactó un proyecto de escritura de partición, y que dicho abogado nunca le dijo que la demandada Prudencia Ubides no había aceptado la herencia.

(*d*) Proyecto de escritura de partición, el cual no está firmado por ninguna persona.

La demandada, para sostener la no aceptación de la herencia, presentó la prueba siguiente:

(1) Declaró Georgina Ubides, albacea testamentaria, que desde la muerte del causante ella posee y administra los bienes de la herencia; que la demandada ni ninguno de sus tutores ha tomado posesión de los bienes; que ella, como albacea, ha pagado las contribuciones; que ella le pasa mensualmente a la demandada dinero para sus gastos, no excediendo nunca a la mitad de las rentas; que ella pagó la contribución de herencia en virtud del entendido que se hizo según el proyecto de escritura de partición; que doña Encarnación Aponte, tutora de la demandada, intervino en ese entendido y dió su conformidad para el mismo; que había un entendido entre las partes y se necesitaba presentar el proyecto de escritura a la corte para su aprobación y seguramente la corte no lo iba a admitir si no se traía el recibo del pago de la contribución de herencia y que por eso ella se vió obligada a hacer el pago; y que el entendido no se llevó a efecto porque surgió una discusión entre dos legatarios con respecto a un solar.

Domingo Negrón, tutor testamentario de la demandada, declaró que ni la demandada ni su tutora han entrado en posesión de los bienes hereditarios; y que él no intervino en la práctica del inventario ni en el proyecto de partición.

Erasto Arjona Siaca, abogado de la demandada, declaró que él intervino en la confección del testamento del señor Font Delort, el que fué autorizado por el notario Rafael Atiles Moréu; que se hicieron varias copias certificadas del testamento y una de esas copias fué entregada a Georgina Rodríguez, la demandante; que por un error del escribiente, en la copia que se entregó a la demandante, en la cláusula novena, se hizo la institución de heredero a favor de Juan Ciriaco Ubides y Encarnación Aponte, padres políticos del causante, y no a favor de su esposa Prudencia Ubides; que

el declarante nunca ha tenido autoridad para aceptar la herencia ni para comprometer los derechos de la demandada Prudencia Ubides; que ésta nunca ha aceptado la herencia; y que el declarante, simplemente como abogado de la albacea testamentaria, trató de acercar las partes a fin de hacer una partición extrajudicial.

◼ Convenimos con la corte inferior en que ni la formación del inventario por la albacea testamentaria, ni el pago por ésta de la contribución de herencia, ni el recibo por la heredera incapaz de una mitad de las rentas producidas por los bienes relictos, implican por sí solos aceptación de la herencia por la demandada. Artículos 953 y 1325 del Código Civil (1930).

◼ Dispone el citado artículo 953 que la aceptación pura y simple de una herencia puede ser expresa o tácita. La expresa debe hacerse por documento público o privado. "Tácita es la que se hace por actos que suponen necesariamente la voluntad de aceptar, *o que no habría derecho a ejecutar sino con la cualidad de heredero.*" (Itálicas nuestras.)

En sus Comentarios al artículo 999 del Código Civil Español, que es el equivalente del artículo 953 de nuestro Código, dice Manresa:

"Para la aceptación tácita se requieren actos del heredero o realizados en su nombre. Acto, es toda acción humana: hechos propiamente dichos, manifestaciones escritas y aun palabras que dan cuerpo y vida a esa acción. Cesare Lozana, sin embargo, dice con razón, que para igualar los efectos de la aceptación tácita con los de la expresa, la ley tiene necesariamente que referirse a actos que por su eficacia natural e intrínseca ofrezcan la misma garantía de madura reflexión que supone un documento escrito en el que se toma la cualidad de heredero, y que, por tanto, los actos a que la ley alude han de ser solamente aquellos que por sí mismos produzcan efectos jurídicos con relación a aquel que los realiza...

"Ahora bien: los actos realizados por el heredero deben ser tales, que *necesariamente* supongan la intención, o la voluntad de aceptar. Si pueden tener distinta significación o interpretarse de un modo diferente, no hay aceptación, y desde luego pueden estimarse como

actos extraños o independientes a la voluntad de aceptar, aquellos que haya derecho a ejecutar por concepto distinto al de heredero, como albacea, poseedor, socio, colono, etc. Por eso añade el artículo 999, que para que los actos que entrañan aceptación supongan necesariamente la voluntad de aceptar, es preciso que no exista derecho a ejecutarlos, sino teniendo la cualidad de heredero.

"Por muy explícito y terminante que parezca el texto legal, es esta materia una de las que más dificultades pueden ofrecer en la práctica. Todo es relativo, e influyen mucho las circunstancias especiales de cada caso. Es necesario deducir de los actos del heredero su voluntad o su intención.

"No se crea por ello que se trata de una simple cuestión de hecho. Los hechos son la base: de ellos hay que derivar la regla jurídica. La autoridad judicial, al promoverse litigio, apreciará, según las reglas de una sana crítica, cuáles son los hechos que deben estimarse probados, y esto no puede ser motivo de casación: los hechos son desde luego los que se declaren probados, y no puede pretenderse que fueron otros distintos. Pero de esos hechos, ¿se desprende una aceptación tácita? ¿Suponen necesariamente la voluntad de aceptar, pudiendo ejecutarse solamente teniendo la cualidad de heredero? Esta es ya una cuestión de derecho que puede ser apreciada de distinto modo por el Tribunal Supremo, y de aquí que proceda contra la resolución en segunda instancia el recurso de casación.

"La ley comprende la dificultad. Por esto, por vía de aclaración, determina que los actos de mera conservación o administración provisional, no implican por regla general aceptación de la herencia, y señala determinadamente en el artículo 1000 otros actos que suponen esa aceptación." Tomo 7, págs. 354, 355, ed. 1903.

¿Son los actos realizados por los tutores de la demandada, en su nombre, desde antes de iniciarse y durante la tramitación del presente litigio, de tal naturaleza que implican o suponen la voluntad de aceptar la herencia? ¿Tenía derecho la demandada a ejecutar tales actos, sin ostentar la cualidad de heredera?

Aceptaremos, como lo aceptó la corte inferior, que la comparecencia de Pedro Juan Ubides, como mandatario verbal de su señora madre doña Encarnación Aponte, tutora dativa de su hija, la demandada Prudencia Ubides, no im-

plica aceptación de la herencia por la demandada. No podemos aceptar, sin embargo, que la participación que en la confección del proyecto de partición de la herencia tomara la tutora dativa de la demandada no implique o suponga la voluntad de aceptar la herencia a nombre de la incapaz.

Del récord aparece que dicho proyecto fué redactado por el Lic. Arjona Siaca, quien tenía la representación legal de todos los legatarios, con excepción de la demandante, y también la de la demandada; que en la reunión celebrada con el propósito de llegar a un convenio sobre partición de la herencia, estuvieron presentes todos los interesados, entre ellos la demandante y la tutora dativa y el tutor testamentario de la demandada; y que después de haber llegado a un convenio, éste no pudo ser formalizado por haber surgido diferencias entre dos de los legatarios en cuanto a la adjudicación de una de las propiedades. El mencionado proyecto fué ofrecido en evidencia por la demandante. No hubo oposición por parte de la demandada. El abogado de ésta lo aceptó, haciendo constar que fué él quien lo redactó de acuerdo con lo convenido entre las partes interesadas. Entre las cláusulas de dicho proyecto figura la siguiente:

"PRIMERA.—Si aparecieren otros bienes pertenecientes a esta herencia testada y que por ignorancia, inadvertencia, error u olvido no se hubieren incluído en la presente partición, deberán repartirse entre los interesados en la siguiente forma: en cuanto a los legatarios, completando sus legados hasta hacerlos llegar a su montante testamentario, *y en cuanto a cualquier remanente que resultare, se le entregará y adjudicará a la viuda doña Prudencia Ubides como heredera única y universal, instituída de acuerdo con la cláusula novena del testamento que sirve de base a esta partición.*" (Itálicas nuestras.)

Si se examina cuidadosamente el proyecto de partición, se verá que el inventario que le sirve de base es el mismo que fué practicado por la albacea testamentaria en junio 11 de 1934.

La demanda original interpuesta por Georgina Rodríguez, reclamando su filiación como base para poder reclamar la

herencia de su padre, fué dirigida contra doña Prudencia Ubides viuda de Font, en su cualidad de única y universal heredera del causante, y contra varias otras personas como legatarias bajo el testamento del señor Font Delort. Tras una serie de incidentes—mociones eliminatorias, solicitudes de especificaciones, excepciones previas, etc.—cuya tramitación cubrió el período desde noviembre 14 de 1934 hasta diciembre 10 de 1935, fecha de la cuarta demanda enmendada, fueron eliminados todos los legatarios demandados y quedó como sola demandada, en su cualidad de única y universal heredera, doña Prudencia Ubides de Font. Emplazada con copia de la cuarta demanda enmendada, recurrió la demandada a nuevas tácticas dilatorias, presentando moción para eliminar, moción sobre reconsideración de la orden denegatoria de la eliminación y excepción previa a la demanda. Fallados en su contra todos estos incidentes, pidió la demandada que se ordenase a la demandante que especificara *"cuándo* y en *qué forma* don Federico Font Delort se dirigió a Georgina Rodríguez por escrito, como su hija natural, es decir si fué por medio de carta u otro documento, y fecha de cada documento o carta''; y alegó que esos datos le eran absolutamente necesarios para poder contestar la demanda. Declarada con lugar la moción y radicado el pliego de particulares, compareció la demandada en 7 de abril de 1936 y contestó la demanda, no para negar su cualidad de única y universal heredera de su esposo, ni para alegar su repudiación de la herencia, y sí para controvertir todas y cada una de las alegaciones de la demanda tendientes a establecer la filiación de la demandante y para alegar al final, lo que pudo haber alegado en contra de la demanda original, o sea que ella no ha aceptado ni expresa ni implícitamente la herencia.

A nuestro juicio, todas las actuaciones de la tutora dativa de la demandada necesariamente implican y suponen la voluntad de aceptar la herencia. ¿Si el propósito de la demandada era repudiar la herencia, qué objeto podía tener la cláusula primera del proyecto de partición, supra, por la

cual se le adjudicaba "como heredera única y universal" el remanente de cualesquiera otros bienes que no hubiesen sido inventariados e incluídos en la partición? La inserción de dicha cláusula es un acto que supone la voluntad de aceptar la herencia.

Ya hemos hecho constar que la acción de filiación fué entablada contra Prudencia Ubides en su carácter de heredera y no como simple legataria. Contra Prudencia Ubides como legataria, la demandante no tiene causa de acción, pues la acción de filiación, cuando no se ejercita durante la vida del presunto padre, debe dirigirse contra los herederos de éste, por ser los herederos los que de acuerdo con el artículo 610 del Código Civil (Ed. 1930) "suceden al difunto por el hecho solo de su muerte, en todos sus derechos y obligaciones." Si la voluntad de la demandada era repudiar la herencia, debió limitar su contestación a una negación de su cualidad de heredera universal, alegando su repudiación de la herencia o su propósito de repudiarla. Si en realidad no estaba en el momento de contestar la demanda—más de dos años después de la muerte del causante y conociendo y habiendo aceptado el inventario de sus bienes—en condiciones de decidir si aceptaba o repudiaba la herencia, pudo de acuerdo con el artículo 959 del Código Civil pedir a la corte que le señalara un plazo para deliberar. No lo hizo así. Prefirió contestar. Y al hacerlo, se colocó en la posición y asumió la cualidad de heredera universal, que era la única que podía darle derecho a trabar una contienda con la demandante en cuanto a su alegada condición de hija natural del causante Font Delort. El acto de contestar la demanda controvirtiendo las alegaciones tendientes a establecer la filiación, implica o presume la voluntad de aceptar la herencia. ¿Qué objeto podía tener la impugnación de la alegada filiación, si no era el de defender la herencia e impedir que ésta pasara a manos de la hija natural del difunto?

En el caso de *Amy* v. *Aponte,* 29 D.P.R. 145, la demanda fué dirigida contra los herederos de Palés, quien había sus-

crito como fiador un pagaré otorgado por Aponte a favor de Amy. En la apelación ante esta corte sostuvieron los demandados que la demanda era insuficiente porque en ella no se alegaba que los demandados hubieran aceptado la herencia de Palés, con o sin beneficio de inventairo, y que fué error de la corte inferior desestimar la excepción previa. Al confirmar la sentencia en contra de los herederos apelantes, este tribunal se expresó así:

"Indudablemente que si los herederos no aceptan o repudian la herencia de su causante no le suceden en todos sus derechos y obligaciones; pero de ese principio no puede derivarse la consecuencia de que el demandante que trata de exigir a los herederos las responsabilidades de su causante, deba alegar en su demanda que ellos han aceptado la herencia.

"Al demandante sólo incumbe alegar la condición de herederos de los demandados, pues como sostiene un ilustrado comentarista del Código Civil, Robles Pozo:

" 'A partir del fallecimiento del causante, la sustitución de éste por heredero o causahabiente es simultánea, sin que sea necesario la aceptación, porque ésta se presupone siempre como consecuencia de la sucesión, equivaliendo la repudiación por el heredero a la renuncia de un derecho que ya se tiene o se posee y de una representación adquirida que se abandona y se rechaza o se condiciona al aceptarla ostensiblemente con arreglo a las facultades concedidas por derecho.'

"La no aceptación de la herencia es una excepción que favorece a los herederos para que se les exima del cumplimiento de las obligaciones en que suceden al difunto por el solo hecho de su muerte, y como excepción es una cuestión de defensa que corresponde alegar a los demandados. *Dapena* v. *Sucesión Dominicci*, 12 D.P.R. 66.

"El Tribunal Supremo de España en dos de marzo de 1896, Jurisprudencia Civil, tomo 79, 414, al resolver un recurso de casación contra sentencia en que unos menores representados por su madre fueron condenados al pago de dinero, en cuyo recurso se alegaba como motivo legal la infracción de los artículos 922 y 1005 del Código Civil Español, resolvió que ninguno de los artículos citados eran aplicables al caso porque los recurrentes condenados al pago de la deuda contraída por su padre eran herederos necesarios del mismo y no se había indicado y tratado de probar que hubieran

renunciado a la herencia ni siquiera que la hubieran *adido* con limitación alguna.''

De acuerdo con la regla establecida por el citado caso, la demandante no estaba obligada a alegar—y por consiguiente tampoco a probar—que la demandada había aceptado la herencia. Era a la presunta heredera usufructuaria y testamentaria, demandada y requerida para que cumpliese la obligación que tenía el difunto Font Delort de reconocer como su hija natural a la demandante, a quien incumbía alegar y probar que ella no tenía la cualidad de heredera por haber repudiado la herencia, no estando por tanto obligada a cumplir las obligaciones del difunto. La demandada no alegó en su defensa la repudiación de la herencia. Su única defensa, tan inaceptable como insuficiente, fué su propia indecisión, alegando en sustancia que, no obstante haber transcurrido dos años y dos meses desde el fallecimiento del causante, ella no había decidido aún si aceptaba o repudiaba la herencia.

La misma cuestión legal levantada en *Amy* v. *Aponte,* supra, fué sometida de nuevo a la consideración de este tribunal en *Banco Comercial de P. R.* v. *García,* 51 D.P.R. 735. Demandados los herederos de la señora García en cobro de un pagaré, dejaron sin contestar la demanda y apelaron de la sentencia en rebeldía dictada en su contra. En la apelación alegaron que la demanda era insuficiente, porque en ella no se alegaba que los demandados hubiesen aceptado la herencia; y que la corte inferior había cometido error al no desestimarla. Al desestimar el recurso, este tribunal, después de confirmar en términos inequívocos su decisión en *Amy* v. *Aponte,* se expresó así:

"El argumento más poderoso aducido por Manresa en apoyo de su criterio es el precepto del artículo 1005 del Código Civil español, equivalente al artículo 959 de nuestro Código, edición 1930. De acuerdo con este artículo cuando un tercero interesado insta en juicio para que el heredero acepte o repudie la herencia, deberá la corte de distrito señalar a éste un término que no pase de treinta

días para que haga su declaración, apercibido de que si no la hace, se tendrá la herencia por aceptada. Y añadimos nosotros, ¿qué más requerimiento que una demanda establecida contra los herederos reclamándole el pago de una obligación contraída por el causante? La ley concede diez días a los demandados para establecer sus alegaciones, y nada impide que puedan solicitar de la corte la concesión de un tiempo razonable para aceptar o repudiar la herencia. La Sra. Monserrate F. Viuda de García falleció en 1930, y esta demanda aparece radicada en 21 de febrero de 1931.

"El artículo 959 dispone que una vez instado en juicio el heredero, el término que se conceda para que haga su declaración no pasará de treinta días. Se trata, como se ve, de un término perentorio, y en nada se perjudican los demandados en hacer esta declaración cuando se les exige el cumplimiento de una obligación contraída por el causante. La aceptación de la herencia puede ser expresa o tácita, y si el heredero ha realizado algún acto que implique tácitamente esa aceptación, este hecho tiene que descansar necesariamente en su conocimiento y no debe esperarse del tercero que alegue y pruebe actos que quizás ignore y que no está obligado a conocer. Toda alegación esencial tiene que ser probada para que se establezca una causa de acción, y si el demandante ignora que la herencia haya sido aceptada, no debe exigírsele la alegación de hechos que está imposibilitado de probar, por carecer de la necesaria información. Sostener lo contrario equivaldría a autorizar al heredero a evadir fácilmente con su silencio el cumplimiento de una obligación de su causante, cuando puede protegerse y exonerarse de toda responsabilidad estableciendo el hecho de no haber aceptado o de haber repudiado la herencia.

"Como muy bien dice Manresa, cuando se acepta la herencia, se retrotraen los efectos jurídicos al momento de la muerte del causante. Si se obliga a la persona que exige judicialmente del heredero el cumplimiento de una obligación contraída por su causante a demostrar la aceptación de la herencia, podría muy bien fracasar en sus empeños por carecer de la necesaria información. Si más tarde se prueba la aceptación de la herencia por ese heredero, el acreedor podría quizás verse colocado en una posición muy difícil para hacer efectivos sus derechos, ya que fracasó en sus propósitos, por falta de prueba, en una acción anteriormente entablada contra el referido heredero. Es verdad que de acuerdo con el artículo 959 un tercero interesado puede requerir al heredero para que acepte o repudie la herencia, pero si con la interposición de la demanda se obtiene este propósito, parece innecesario que se le obligue a cumplir con dicho

requisito como condición precedente para establecer su reclamación. Se trata simplemente de una cuestión de procedimiento que no destruye, a nuestro juicio, los principios enunciados por el comentarista Manresa. Si el heredero acepta la herencia, responde de la obligación contraída por su causante. Si no la acepta, y la repudia, entonces no contrae ninguna responsabilidad. Conviene advertir que el precepto del artículo 959 es para el caso de que el heredero acepte o repudie la herencia. Puede darse el caso de que la haya aceptado sin conocimiento del tercero, y entonces se le estaría invitando a llevar a cabo un acto que ya ha realizado. Y esto puede suceder, porque el tercero no está obligado a conocer el hecho de la aceptación de la herencia expresa o tácitamente, que como ya hemos dicho, descansa más bien en conocimiento del heredero. Debe desestimarse el error apuntado.''

Considerando que los actos realizados a nombre de la demandada suponen la voluntad de aceptar la herencia; que dichos actos indujeron a la demandante a dirigir su demanda contra la heredera universal en la creencia de que ésta había aceptado la herencia; y que la presunta heredera, al ser demandada, no interpuso la defensa de repudiación de la herencia, nos vemos obligados a resolver y resolvemos que a los efectos de la reclamación de filiación de la demandante, la demandada aceptó la herencia y se hizo responsable del cumplimiento de la obligación que como padre natural de la demandante contrajo el causante. Esa aceptación debe ser considerada como hecha a beneficio de inventario, de acuerdo con el artículo 947 del Código Civil, ed. 1930. 7 Manresa 311–12; 6 Sánchez Román 1769–1770, Estudios de Derecho Civil; 17 Scaevola 407. ■ El tutor dativo puede aceptar la herencia a nombre del menor o incapacitado, con beneficio de inventario, sin que necesite para ello la autorización judicial. Es lógico que si la puede aceptar expresamente, también puede aceptarla tácitamente por medio de actos realizados a nombre del heredero, que impliquen la voluntad de aceptar. Al tutor no se le puede imputar la aceptación implícita sin beneficio de inventario, porque aun para la aceptación expresa, sin dicho beneficio, necesitaría la autorización judicial.

Hemos estudiado la evidencia aducida por la demandante para establecer su filiación y convenimos con la corte inferior en que la prueba es "sólida, robusta y convincente" y que todos los hechos alegados en la demanda han quedado satisfactoriamente probados.

*La sentencia recurrida, por ser contraria a derecho, debe ser revocada, dictándose en su lugar otra por la que se declare a la demandante Georgina Rodríguez, conocida por Georgina Font y Rodríguez, hija natural reconocida de don Federico Font Delort, con todos los derechos que la ley reconoce a los hijos naturales reconocidos, debiendo hacerse la correspondiente nota marginal de dicho reconocimiento en el acta de nacimiento de la demandante en el Registro Civil en donde dicha acta apareciere inscrita. Debe condenarse a la demandada al pago de las costas originadas por esta acción.*

El Juez Asociado Sr. Todd, Jr., no intervino.