Torres & Enseñat, Demandantes y Apelantes, *v.* Alfaro, hoy de Jesús, Juez Municipal, Demandado y Apelado, y Ortiz, Interventor y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en un recurso sobre *certiorari.*

No. 1519.—Resuelto en enero 30, 1917.

Sentencia en Rebeldía—Anotación de Rebeldía—Emplazamiento—Diligenciamiento.—Es requisito indispensable de acuerdo con el artículo 92 del Código de Enjuiciamiento Civil para que pueda anotarse la rebeldía de un demandado y dictarse sentencia, que la citación, cualquiera que sea quien la haga, sea devuelta diligenciada a la oficina del secretario de la corte en los términos prevenidos por la ley, pues sólo con examen de su diligenciado podrá saberse si la corte ha adquirido jurisdicción por haber sido el demandado citado en forma debida.

Id.—Radicación del Emplazamiento Diligenciado—Jurisdicción.—En este caso, al tiempo en que fué registrada por el secretario la sentencia en rebeldía, no se hallaba en los autos la declaración escrita y jurada del encargado de cumplimentar la citación, habiéndose prestado el juramento ocho días después, y se resolvió, aplicando la anterior doctrina, que tal sentencia y procedimientos subsiguientes adolecían de nulidad por haber la corte actuado sin jurisdicción.

Id.—Contestación del Demandado—Diligenciado de la Citación.—Para poder apreciar si se ha presentado la contestación dentro del término señalado en la citación conforme al apartado 1°. del artículo 194 del Código de Enjuiciamiento Civil, es necesario también que la corte tenga ante sí al dictarse la sentencia la devolución del diligenciado de la citación que muestre la fecha en que se verificó.

Id.—Sentencia Nula—Falta de Jurisdicción.—Cuando la sentencia en rebeldía es nula en su faz, por falta de jurisdicción, demostrada así de una simple inspección del legajo del juicio, puede dejarse sin efecto en cualquier tiempo después de haberse registrado, sin sujeción al término prevenido por el artículo 140 del Código de Enjuiciamiento Civil.

Jurisdicción—Emplazamiento—Prueba del Diligenciamiento de Citación.—Para que una corte tenga conocimiento de que ha adquirido jurisdicción sobre un demandado según el artículo 98 del Código de Enjuiciamiento Civil, es

necesario que haya ante ella prueba auténtica y fehaciente de la citación mediante el diligenciamiento de ésta en forma legal.

Los hechos están expresados .en la opinión.

Abogado del apelante: *Sr. Carlos Brunet.*

Abogado del apelado: *Sr. Manuel A. Rivera.*

Abogado del interventor: *Sr. A. Quintana Cajas.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia que en 27 de enero de 1916 pronunció la Corte de Distrito de Ponce declarando sin lugar recurso de *certiorari* ejercitado por Torres y Enseñat con motivo de procedimientos seguidos ante la Corte Municipal de Coamo en el caso No. 360, de Torres y Enseñat contra Felipe Ortiz, en cobro de dinero.

Los hechos atinentes a la resolución del presente recurso, según resultan de la transcripción de autos, son los siguientes:

1°. Con fecha 1°. de noviembre de 1910, la mercantil Torres y Enseñat presentó demanda jurada en la Corte Municipal de Coamo contra Felipe Ortiz en cobro de $321.91, con intereses legales desde la interposición de la demanda hasta su efectivo pago, y las costas del juicio.

2°. El diligenciado del emplazamiento del demandado se hizo en 3 de noviembre de 1910 por Jovino Torres según éste afirma, habiendo prestado juramento en 26 del citado noviembre ante el Juez de Paz de Juana Díaz, de haber verificado dicho diligenciamiento en la fecha indicada.

3°. El demandado no contestó la demanda, y· la demandante solicitó en 18 de noviembre del secretario de la corte municipal la anotación de la rebeldía del demandado con sentencia a favor del demandante por estar la demanda debidamente jurada.

4°. La sentencia fué dictada en la misma fecha, 18 de noviembre, condenando en rebeldía a Felipe Ortiz a pagar a la sociedad demandante la suma de $321.91, con intereses

legales desde la interposición de la demanda hasta el total solvento de la deuda y todas las costas del pleito, y ordenando además que se librara ejecución contra los bienes del demandado para satisfacer dicha sentencia.

5°. Con fecha 4 de noviembre de 1915 compareció en el pleito Felipe Ortiz por medio de moción jurada en que alegaba que en 27 de octubre de 1915 le habían sido embargados por orden de la Corte Municipal de Coamo los aparatos de un cine, de cuyo embargo había tenido conocimiento por un empleado suyo, depositario nombrado de los bienes embargados, y que jamás había tenido conocimiento de que contra él se hubiera entablado acción alguna por Torres y Enseñat, pues en ninguna época había sido notificado del procedimiento llevado a efecto contra él como tampoco había tenido noticia oficial del embargo hecho y que en caso de existir una sentencia contra el mismo se había dictado sin oirle, por lo que suplicaba se dictara una orden anulando todo lo actuado en el pleito.

6°. A la anterior moción se opuso la parte demandante alegando entre otras cosas que el demandado había sido debidamente emplazado con copia de la demanda en su domicilio de Juana Díaz por Jovino Torres en forma legal, y que la moción era tardía y no debía prosperar por haber sido presentada a los cuatro años y pico de haberse dictado sentencia, y cuando ya por tanto habían transcurrido con exceso los 6 meses que marca el artículo 140 del Código de Enjuiciamiento Civil.

7°. La Corte Municipal de Coamo resolvió la moción en 24 de noviembre de 1915, declarándola con lugar por estimar que no había adquirido jurisdicción sobre la persona del demandado y ser nulo por tanto todo lo actuado en el juicio, pudiendo la parte demandante solicitar la expedición de nuevo emplazamiento para la citación del demandado.

Los procedimientos relacionados dieron lugar a que la mercantil Torres y Enseñat acudiera a la Corte de Distrito de Ponce en recurso de *certiorari* contra dichos procedimien-

tos, con súplica de que se anulara la orden de la Corte Municipal de Coamo de 24 de noviembre, 1915, y se continuara la ejecución de la sentencia en el caso de que se trata. El auto de *certiorari* fué expedido y después de tramitado en forma legal, la Corte de Distrito de Ponce lo anuló y declaró sin lugar, sin especial condenación de costas, por su sentencia de 27 de enero de 1916,. de que al principio hicimos mérito, y que ha sido apelada para ante esta Corte Suprema.

Funda su resolución la corte de distrito, además de otras razones que no es necesario examinar, en que el *affidavil* de Jovino Torres, encargado de cumplimentar la citación, fué hecho ante el Juez de Paz de Juana Díaz, Sr. Pedro Monclova, el 26 de noviembre de 1910, es decir, 8 días después de haberse registrado por el Secretario de la Corte Municipal sentencia en rebeldía contra Felipe Ortiz.

Como se ve, tanto la Corte Municipal de Coamo en su resolución de 24 de noviembre de 1915, como la Corte de Distrito de Ponce en la suya de 27 de enero de 1916 están conformes en que dicha corte municipal no había adquirido jurisdicción sobre la persona del demandado al ser dictada la sentencia de 18 de noviembre de 1910 condenando en rebeldía a Felipe Ortiz a pagar a la sociedad demandante, Torres y Enseñat, la suma reclamada, adoleciendo, por tanto, de nulidad dicha sentencia y las demás actuaciones del juicio. Ambas cortes tienen razón.

El artículo 92 del Código de Enjuiciamiento Civil previene que ''cuando el márshal hiciere la citación, la devolverá a la oficina del secretario que la expidió, bajo su certificación de haber sido cumplimentada y de haber hecho entrega de la copia de la demanda que se hubiere acompañado a la citación, y que cuando se diligenciare por cualquier otra persona, se devolverá a la misma oficina con la declaración jurada de dicha persona de que ha practicado la diligencia de citación y entregado la copia de la demanda, en caso de haberse acompañado.'' Ante precepto tan terminante, es indiscutible que cualquiera que sea quien haga la citación, debe

devolverse diligenciada a la oficina del secretario de la corte en los términos prevenidos por la ley.

Y esa devolución es requisito indispensable para la anotación de la rebeldía y el pronunciamiento de la sentencia, pues sólo con examen del diligenciado del emplazamiento podrá saberse si la corte ha adquirido jurisdicción sobre la persona del demandado por haber sido éste emplazado en forma debida.

Para que un demandado quede sometido a la jurisdicción de una corte, es necesario que se le cite en la forma que la ley describe y además que se devuelva a la corte una constancia de haberse llevado a efecto la citación, de la cual aparezca que los requisitos exigidos por el estatuto se cumplieron debidamente, todo ello sin perjuicio de lo dispuesto en el artículo 98 del Código de Enjuiciamiento Civil. *Orcasitas v. Márquez et al.,* 19 D. P. R. 477.

Y la prueba de haberse hecho la citación con entrega de la demanda al demandado cuando se hiciere por cualquier otra persona que no sea el márshal, será la declaración escrita y jurada por ésta, según el artículo 97 del Código de Enjuiciamiento Civil.

En el caso presente ante la Corte Municipal de Coamo no existía prueba alguna de haberse practicado la citación, pues la declaración jurada de haberla hecho Jovino Torres se prestó por éste ante el Juez de Paz de Juana Díaz en 26 de noviembre de 1910, cuando la sentencia había sido registrada en 18 del propio noviembre, es decir, ocho días antes del juramento de la diligencia de emplazamiento. El demandado no estaba bajo la jurisdicción de la corte al dictarse la referida sentencia en rebeldía del mismo.

Es verdad que según el artículo 98 del Código de Enjuiciamiento Civil "desde la entrega de la citación y una copia de la demanda en un pleito civil en los casos en que se requiera la entrega de una copia de la demanda, o desde que hubiere expirado el término de la publicación cuando se ordenare la citación por publicación, se considerará que la corte

ha adquirido jurisdicción sobre las partes y que ha quedado sometido a dicha corte todo procedimiento subsiguiente.'' Pero para ello es necesario que haya ante la corte prueba auténtica y fehaciente de la citación mediante el diligenciamiento de ésta en forma legal.

Es ese el único medio de que la corte tenga conocimiento de que ha adquirido jurisdicción sobre la persona del demandado.

En corroboración de lo expuesto viene el artículo 194 del mismo Código de Enjuiciamiento Civil, que en la parte atinente dice así:

''Art. 194.—Podrá dictarse sentencia, si el demandado dejare de contestar a la demanda, en los casos siguientes:

''1. En un pleito que nazca de un contrato sobre pago de dinero o para obtener perjuicios solamente, si no se hubiere presentado la contestación al secretario de la corte, dentro del término señalado en la citación, o de su prórroga, si se hubiese concedido; el secretario, a instancia del demandante, deberá hacer constar la rebeldía del demandado, y acto seguido anotará en el récord de la corte la sentencia para el pago de la cantidad especificada en la citación, con más las costas contra el demandado, o contra uno o más de los varios demandados, en los casos previstos en el artículo 96.''

    ❋        ❋        ❋        ❋        ❋        ❋        ❋

Para poder apreciar si se ha presentado la contestación dentro del término señalado en la citación, es necesario que la corte tenga ante sí al dictarse la sentencia la devolución del diligenciado de la citación que muestre la fecha en que se verificó, lo que no ha sucedido en el juicio de que se trata.

Tenemos, pues, que la sentencia que por falta de jurisdicción anuló la Corte Municipal de Coamo en su resolución de 24 de noviembre de 1915 era realmente nula y como lo era en su faz por demostrarlo así una simple inspección del legajo del juicio, pudo dejarla sin efecto como lo hizo a virtud de moción del demandado y en cualquier tiempo después de haberse registrado sin sujeción al término prevenido por el artículo 140 del Código de Enjuiciamiento Civil de Puerto

Rico, concordante con el 473 del de California. Ya hemos desarrollado extensamente esa teoría en el caso de *Freiría & Co.* v. *R. Félix Hermanos & Co.,* 20 D. P. R. 159.

Por las razones expuestas, y sin necesidad de considerar otras cuestiones traídas a discusión por estimarlo innecesario para la decisión del recurso, es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.