Banco Comercial de Puerto Rico, demandante y apelado, *v.* Dr. Felipe García y la Sucesión Desconocida de Monserrate F. Vda. de García, demandados y apelantes.

Núm. 7238.—*Sometido:* Mayo 19, 1937. *Resuelto:* Junio 15, 1937.

*E. Pérez Casalduc,* abogado de los apelantes; *Herminio Miranda,* abogado del apelado.

El Juez Asociado Señor Córdova Dávila emitió la opinión del tribunal.

Es ésta una acción en cobro de dinero en la cual se alega que en 28 de febrero de 1930 el demandado Felipe A. García, por sí y como apoderado de doña Monserrate F. Vda. de García, suscribió a favor del Banco Comercial de Puerto Rico, representado hoy por su liquidador el Banco de Puerto Rico, una obligación por la suma de $1,216, que habría de vencer en mayo 30, comprometiéndose a pagar al demandante intereses al tipo del 12 por ciento anual en caso de mora más las costas, gastos y honorarios de abogado, que se fijaron por convenio de las partes en $250. Se alega además que los

demandados, todos mayores de edad, constituyen la sucesión de doña Monserrate F. Vda. de García, fallecida en el año 1930, residiendo el Dr. Felipe García en Hatillo, don José y don Juan en San Juan, y don Ramón G. García en Juncos, y sus nietos Minerva Rafaela, Roberto y Manuel Figueroa García en Villalba.

Los demandados no contestaron la demanda. Solicitó el demandante que se anotara la rebeldía y se dictara sentencia de acuerdo con las alegaciones de la demanda. Así lo hizo el secretario tres días después de haberse anotado la rebeldía.

De esta sentencia apelaron los demandados, alegando como primer motivo de error que la demanda no aduce hechos suficientes para determinar una causa de acción, porque en la misma no se alega que los demandados, a quienes se demanda en su carácter de herederos de doña Monserrate F. Vda. de García, hayan aceptado la herencia, y porque de la demanda no aparece que doña Monserrate F. Vda. de García estuviese viva en la fecha en que se alega que Felipe A. García, actuando como su apoderado, suscribió la obligación cuyo pago se reclama en la misma.

Esta corte, en el caso de *Amy* v. *Aponte,* 29 D.P.R. 145, 149, sostiene que la no aceptación de la herencia es una excepción que favorece a los herederos. En dicho caso se adujo que los hechos expuestos en la demanda no determinaban una causa de acción porque no aparecía de las alegaciones que los demadados hubiesen aceptado la herencia con o sin beneficio de inventario y que el causante hubiese dejado bienes sobre los cuales pudiera recaer aceptación alguna expresa o presunta. Resolviendo la cuestión planteada esta corte se expresó así:

"Al demandante sólo incumbe alegar la condición de herederos de los demandados, pues como sostiene un ilustrado comentarista del Código Civil, Robles Pozo:

" 'A partir del fallecimiento del causante, la sustitución de éste por heredero o causahabiente es simultánea, sin que sea necesaria la aceptación, porque ésta se presupone siempre como consecuencia de

la sucesión, equivaliendo la repudiación por el heredero a la renuncia de un derecho que ya se tiene o se posee y de una representación adquirida que se abandona y se rechaza o se condiciona al aceptarla ostensiblemente con arreglo a las facultades cóncedidas por derecho.'

''La no aceptación de la herencia es una excepción que favorece a los herederos para que se les exima del cumplimiento de las obligaciones en que suceden al difunto por el sólo hecho de su muerte, y como excepción es una cuestión de defensa que corresponde alegar a los demandados. *Dapena* v. *Sucesión Dominicci*, 12 D.P.R. 66.

''El Tribunal Supremo de España en dos de marzo de 1896, Jurisprudencia Civil, tomo 79, 414, al resolver un recurso de casación contra sentencia en 'que unos menores representados por su madre fueron condenados al pago 'de dinero, en cuyo recurso se alegaba: como motivo legal la infracción de los artículos 922 y 1005 del Código Civil Español, resolvió que ninguno de los artículos citados eran aplicables al caso porque los recurrentes condenados al pago de la deuda contraída por su padre eran herederos necesarios del mismo y no se había indicado y tratado de probar que hubieran renunciado a la herencia ni siquiera que la hubieran adido con limitación alguna.

''El presente caso es análogo al anterior y se rige por la misma doctrina que dejamos expuesta.''

El abogado de los demandados, en un extenso y laborioso alegato, califica de erróneo el criterio de este tribunal, citando en su abono a Manresa, Sánchez Román y una decisión de la Corte Suprema de Louisiana. Manresa opina, combatiendo a Robles Pozo, que de ser cierto lo que dicho autor sostiene, si la trasmisión de los derechos y obligaciones del difunto al heredero se verifica desde el momento de la muerte, sin necesidad de la aceptación, el acreedor del causante podría, desde luego, ir contra el heredero en reclamación de su crédito, una vez ocurrido el fallecimiento, correspondiendo a éste únicamente, para oponerse a la reclamación, la excepción de falta de personalidad, previa justificación de la renuncia. Añade que en oposición a ello se encuentra el precepto del artículo 1005 del Código Civil, según el cual el acreedor debe acudir al juzgado cuando el heredero no hubiese aceptado la herencia, pidiendo que se le señale un plazo pára aceptar o repudiar, y si al cabo de dicho plazo

autoriza al acreedor para perseguir al heredero, es por la aceptación tácita que implican los términos del apercibimiento que, según dicho artículo, debe serle hecho. A juicio de Manresa este apercibimiento confirma la necesidad de la aceptación para que se lleve a efecto la trasmisión de las obligaciones y lo mismo la de los derechos que constituyen la herencia.

No creemos que los argumentos de Manresa puedan servir de base para rectificar el criterio sostenido por este tribunal. El ilustre comentarista afirma que el Código italiano, que tanto influjo ha tenido en la labor codificadora de los tiempos modernos, sancionaba en su artículo 925 el principio de que la posesión de los bienes hereditarios pasa a los herederos *ipso jure* desde la muerte del causante. El código francés, en el artículo 724, lo tenía ya establecido para los herederos legítimos, con exclusión de los hijos naturales, así como del cónyuge supérstite y del estado. Análogas doctrinas mantuvieron el Código de Holanda en su artículo 880, y algunos otros, y hasta el proyecto de 1851, inclinándose de esta parte, disponía en el artículo 554 que los herederos sucedían al difunto por el mero hecho de su muerte, no sólo en la propiedad, sino también en la posesión. 5 Manresa 319, quinta edición.

Sigue diciendo el comentarista que en apoyo de este supuesto se ha dicho que esta inteligencia es también la más conforme con los principios admitidos por la ciencia jurídica, y agrega que en contra de lo que sostienen los autores citados, el Código exige la previa aceptación para la trasmisión de los bienes hereditarios, si bien la aceptación de la herencia retrotrae los efectos jurídicos al momento de la muerte del causante.

El argumento más poderoso aducido por Manresa en apoyo de su criterio es el precepto del artículo 1005 del Código Civil español, equivalente al artículo 959 de nuestro Código, edición 1930. De acuerdo con este artículo cuando un tercero interesado insta en juicio para que el heredero acepte

o repudie la herencia, deberá la corte de distrito señalar a éste un término que no pase de treinta días para que haga su declaración, apercibido de que si no la hace, se tendrá la herencia por aceptada. Y añadimos nosotros, ¿que más requerimiento que una demanda establecida contra los herederos reclamándole el pago de una obligación contraída por el causante? La ley concede diez días a los demandados para establecer sus alegaciones, y nada impide que puedan solicitar de la corte la concesión de un tiempo razonable para aceptar o repudiar la herencia. La Sra. Monserrate F. Viuda de García falleció en 1930, y esta demanda aparece radicada en 21 de febrero de 1931.

El artículo 959 dispone que una vez instado en juicio el heredero, el término que se conceda para que haga su declaración no pasará de treinta días. Se trata, como se ve, de un término perentorio, y en nada se perjudican los demandados en hacer esta declaración cuando se les exige el cumplimiento de una obligación contraída por el causante. La aceptación de la herencia puede ser expresa o tácita, y si el heredero ha realizado algún acto que implique tácitamente esa aceptación, este hecho tiene que descansar necesariamente en su conocimiento y no debe esperarse del tercero que alegue y pruebe actos que quizás ignore y que no está obligado a conocer. Toda alegación esencial tiene que ser probada para que se establezca una causa de acción, y si el demandante ignora que la herencia haya sido aceptada, no debe exigírsele la alegación de hechos que está imposibilitado de probar, por carecer de la necesaria información. Sostener lo contrario equivaldría a autorizar al heredero a evadir fácilmente con su silencio el cumplimiento de una obligación de su causante, cuando puede protegerse y exonerarse de toda responsabilidad estableciendo el hecho de no haber aceptado o de haber repudiado la herencia.

Como muy bien dice Manresa, cuando se acepta la herencia, se retrotraen los efectos jurídicos al momento de la muerte del causante. Si se obliga a la persona que exige judicial-

mente del heredero el cumplimiento de una obligación contraída por su causante a demostrar la aceptación de la herencia, podría muy bien fracasar en sus empeños por carecer de la necesaria información. Si más tarde se prueba la aceptación de la herencia por ese heredero, el acreedor podría quizás verse colocado en una posición muy difícil para hacer efectivos sus derechos, ya que fracasó en sus propósitos, por falta de prueba, en una acción anteriormente entablada contra el referido heredero. Es verdad que de acuerdo con el artículo 959 un tercero interesado puede requerir al heredero para que acepte o repudie la herencia, pero si con la interposición de la demanda se obtiene este propósito, parece innecesario que se le obligue a cumplir con dicho requisito como condición precedente para establecer su reclamación. Se trata simplemente de una cuestión de procedimiento que no destruye, a nuestro juicio, los principios enunciados por el comentarista Manresa. Si el heredero acepta la herencia, responde de la obligación contraída por su causante. Si no la acepta, y la repudia, entonces no contrae ninguna responsabilidad. Conviene advertir que el precepto del artículo 959 es para el caso de que el heredero acepte o repudie la herencia. Puede darse el caso de que la haya aceptado sin conocimiento del tercero, y entonces se le estaría invitando a llevar a cabo un acto que ya ha realizado. Y esto puede suceder, porque el tercero no está obligado a conocer el hecho de la aceptación de la herencia expresa o tácitamente, que como ya hemos dicho, descansa más bien en conocimiento del heredero. Debe desestimarse el error apuntado.

En el segundo motivo de error se alega que el secretario de la corte carecía de facultad para dictar la sentencia apelada. Se basa este alegado error en que la obligación de los demandados a pagar la deuda que se reclama en la demanda proviene de ser ellos los únicos herederos de la persona que firmó la obligación y no del hecho de haber contratado los demandados con el demandante. El heredero,

como es sabido, es la continuación de la personalidad del causante. En la demanda se alega un contrato llevado a cabo con el demandado Felipe A. García y con doña Monserrate F. Vda. de García por conducto de su apoderado. Habiendo muerto esta señora, sus herederos son responsables de la obligación contraída. No cometió el tribunal inferior el error que se le imputa.

Se alega por último que la corte inferior no adquirió jurisdicción sobre las personas de los demandados. En apoyo de este alegado error se dice que en el diligenciamiento del emplazamiento no se juró que la persona que llevó a cabo dicho emplazamiento fuese mayor de diez y ocho años. El certificado de diligenciamiento dice así:

"Yo, José Otero, mayor de 21 años de edad, bajo juramento declaro: que no soy parte ni tengo interés en el presente caso, y que recibí el presente emplazamiento el día 26 de abril de 1935 y notifiqué el mismo personalmente a Felipe García, a las 9:45 del día 27 de abril de 1935 en su casa habitación en Hatillo, P. R.; a Manuel Figueroa García a la 1:30 P.M. del día 27 de abril en su casa habitación de Villalba, P. R.; a Ramón G. García a las 6:00 P.M. del día 27 de abril de 1935 en su residencia de Juncos, P. R.; a José García a las 5:30 P.M. del día 29 de abril de 1935 en la calle José Víctor Figueroa; en Santurce, San Juan, P. R., y a Juan García, Roberto Figueroa García y Minerva Rafacla Figueroa García, a las 6:00 P.M. del día 29 de abril de 1935 en la calle 'Dos Hermanos' No. 4 de Santurce, San Juan, P. R., dejando en poder de cada una de las personas citadas una copia fiel y exacta de la demanda y del emplazamiento en este caso, habiendo hecho constar con mi firma al dorso del emplazamiento el sitio y fecha de su entrega y notificación. En San Juan, Puerto Rico, a 30 de abril de 1935. (Fdo.) José Otero. —Declarante.

"*Affidavit* No. 2164. Jurado y suscrito ante mí por José Otero, mayor de 21 años, casado, empleado y vecino de San Juan, Puerto Rico, a quien conozco personalmente. (Fdo.) Rafael Ramírez Santibáñez. Notario."

En el caso de *Buonomo* v. *Sucn. Juncos,* 28 D.P.R. 413, se practicó un diligenciamiento idéntico al presente en lo que respecta a la edad. Esta corte declaró que el error apuntado

era tan patente y la jurisprudencia tan terminante sobre el particular que se veía obligada a declarar que el tribunal no llegó a adquirir jurisdicción sobre la persona de los demandados en el referido pleito.

En el caso de *López et al.,* v. *Quiñones,* 30 D.P.R. 342, 347, dijo este tribunal:

"Estando practicadas esas citaciones por . persona distinta del márshal, ya que el submárshal que las hizo no suscribió sus diligenciamientos a nombre de aquél, para que la corte adquiriera jurisdicción sobre las personas de los demandados y pudiera seguir el pleito en rebeldía de éstos era necesario de acuerdo con el artículo 92 del Código de Enjuiciamiento Civil que de los diligenciamientos apareciera que la persona que hizo las citaciones no era parte en la acción y que era mayor de 18 años. *Andino* v. *Knight,* 20 D.P.R. 200; *Serrano* v. *Berdiel,* 22 D.P.R. 447; *Torres & Enseñat* v. *Alfaro,* 24 D.P.R. 731; *Delgado* v. *El Registrador,* 25 D.P.R. 489; *Quintana* v. *Aponte,* 26 D.P.R. 196; *Buonomo* v. *Sucesión Juncos,* 28 D.P.R. 414. Estos requisitos no están cumplidos en los diligenciamientos pues si bien con respecto al segundo fuera del cuerpo de la declaración y después de la firma de Pedro Ma. Pabón se dice 'mayor de 18 años', certificando después un notario que fué suscrito y jurado ante él, tal manifestación referente a la edad no puede ser considerada jurada pues sólo lo que está dicho en el cuerpo de la certificación y antes de la firma es lo que puede ser considerado como su declaración. Lo que está escrito después de un documento firmado no puede ser considerado como formando parte de él, a menos que de otro modo se demuestre. Por otra parte, en este pleito no se presentó prueba de que esa persona era mayor de 18 años cuando hizo la citación, por lo que tenemos que llegar a la conclusión de acuerdo con la corte inferior que todos los emplazamientos de los demandados en el primer pleito fueron nulos, que la corte no adquirió jurisdicción sobre ellos y que en consecuencia son nulos también todos los procedimientos posteriores."

Esta es la doctrina sentada por este tribunal, que nos vemos obligados a seguir por las razones apuntadas, especialmente en este caso en que se trata de una sentencia dictada en rebeldía por el secretario de la corte inferior. En el certificado de diligenciamiento no se jura que José Otero fuese mayor de 18 años. Es lamentable que se haya incu-

rrido en este error y que por una omisión de esta naturaleza nos sintamos compelidos a dejar sin efecto una sentencia que en los demás particulares cumple con los requisitos exigidos por la ley.

*Debe revocarse la sentencia apelada.*