EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Banco Bilbao Vizcaya Argentaria Puerto Rico antes Banco Bilbao Vizcaya Puerto Rico<br><br>Demandante-Recurrido<br><br>vs.<br><br>Latinoamericana de Exportación, Inc.; La Sucn. de Ivette González, Etc.<br><br>Demandadada-Peticionaria<br>La Segunda | Certiorari<br><br>2005 TSPR 50<br><br>163 DPR \_\_\_\_ |

Número del Caso: CC-2003-931

Fecha: 22 de abril de 2005

Tribunal de Apelaciones:

        ReCircuito Regional I, Panel III

Juez Ponente:

        Hon.Rafael Ortiz Carrión

Abogado de la Parte Peticionaria:

        Lcdo. George Mottley Flores

Abogado de la Parte Recurrida:

        Lcdo. Ángel L. Alicea Montañez
        Lcdo. Ángel L. Alicea Parés

Materia: Cobro de Dinero, Ejecución de Refacción Industrial y Comercial

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Banco Bilbao Vizcaya Argentaria
Puerto Rico antes Banco Bilbao
Vizcaya Puerto Rico

    Demandante-Recurrido

        vs.                CC-2003-931
Certiorari

Latinoamericana de Exportación,
Inc.; La Sucn. de Ivette
González, Etc.

    Demandada-Peticionaria
    La Segunda

Opinión del Tribunal emitida por el Juez Asociado señor FUSTER BERLINGERI.

San Juan, Puerto Rico, a 22 de abril de 2005.

Tenemos la ocasión para precisar lo resuelto en Banco Comercial de P.uerto R.ico v. García, 51 D.P.R. 735 (1937), y decidir si es prorrogable el término para aceptar o repudiar una herencia cuando un acreedor que demanda a una sucesión para cobrar una deuda del causante, no ha ejercido expresamente el *interpellatio in iure* requerido por el Art. 959 del Código Civil.

I

El 2 de agosto de 2000 el Banco Bilbao Vizcaya de Puerto Rico (BBV) presentó ante el Tribunal de Primera Instancia una demanda en cobro de dinero

contra Latinoamericana de Exportación, Inc., Gustavo
Adolfo Zepeda, Ivette González, la

Adolfo Zepeda, Ivette González, la Sociedad de Sociedad de Gananciales integrada por ambos y otros codemandados. Alegó que los codemandados habían garantizado personalmente el pago de un préstamo del BBV por $187,874.40 de principal y $36,473.23 de intereses hasta el 22 de junio de 2000 a favor de Latinoamericana de Exportación., Inc.; y que como la deuda estaba vencida y era líquida y exigible, se le reclamaba solidariamente el pago de las cantidades adeudadas.

La codemandada Ivette González había fallecido el 9 de abril de 1999, por lo que el tribunal de instancia ordenó que se enmendase la demanda para incluir a los herederos de ésta. El 30 de noviembre de 2001 el BBV enmendó la demanda para incluir a sus hijos Gustavo Zepeda González y Roberto Zepeda González (los hermanos Zepeda Gonzálezs) como herederos de Ivette González. Durante los meses siguientes el BBV trató infructuosamente de emplazarlos personalmente por lo que el tribunal autorizó el emplazamiento por edictos. **El edicto referido se publicó el 19 de julio de 2002 y los codemandados recibieron copia de la demanda el 2 y 10 de agosto de 2002.**

El 20 de agosto de 2002 los codemandados hermanos Zepeda González solicitaron una prórroga de treinta días para contestar la demanda enmendada. El 12 de septiembre de 2002 el foro de instancia les notificó una prórroga de veinte días; y luego les concedió diez días adicionales para contestar la demanda en su contra.

Así las cosas, el 23 de octubre de 2002, los hermanos Zepeda González presentaron una moción de desestimación de la demanda, mediante la cual alegaron que ambos habían repudiado la herencia de Ivette González, por lo que no eran miembros de la sucesión y no procedía la reclamación en su contra. Según surgía de los documentos incluidos con la moción de desestimación referida, Roberto Zepeda González había repudiado la herencia el 29 de diciembre de 1999 y Gustavo Zepeda González el 9 de octubre de 2002, ambos mediante escritura pública.

El BBV entonces se opuso a la desestimación solicitada, en cuanto al codemandado Gustavo Zepeda González. Adujo el BBV que debía tenerse por aceptada la herencia en cuestión, debido a que el acto de repudio se había llevado a cabo luego de transcurrido el término que concede el Artículo 959 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2787, para aceptar o repudiar la herencia. En cuanto al codemandado Roberto Zepeda González, el BBV solicitó autorización para iniciar el descubrimiento de prueba con miras a investigar si antes de la acción de repudio de la herencia, éste había realizado algún acto que pudiese constituir una aceptación tácita de ella.

El tribunal de instancia autorizó el descubrimiento de prueba en cuanto a Roberto Zepeda González y ordenó a Gustavo Zepeda González a expresarse sobre la referida oposición del BBV. Luego de considerar los varios escritos presentados por las partes con respecto al asunto pendiente,

el 10 de febrero de 2003, el foro de instancia declaró sin lugar la solicitud de desestimación de Gustavo Zepeda González y le ordenó presentar en veinte días su contestación a la demanda. Inconforme con la referida determinación del foro de instancia, Gustavo Zepeda González presentó un recurso de *certiorari* ante el entonces Tribunal de Circuito de Apelaciones, mediante el cual alegó lo siguiente:

1. Incidió el Honorable Tribunal de Instancia al declarar No Ha Lugar la Moción de Desestimación basada en la defensa afirmativa de repudiación de herencia presentada oportunamente, por lo que el codemandado-peticionario no es responsable de las deudas de la herencia de su causante.

2. Incidió el Honorable Tribunal de Instancia al declarar No Ha Lugar la Moción de Desestimación y aplicar erróneamente a los hechos del caso el Artículo 959 del Código Civil de Puerto Rico sin que el demandante-recurrido haya solicitado la interpelación judicial para aceptar o repudiar la herencia; ni el Tribunal de Instancia haya señalado término para que el codemandado-peticionario expresara su intención de aceptar o repudiar; ni tampoco se le apercibiera que en caso de no expresar su intención, se entendería aceptada la herencia, según requiere el antes citado Artículo 959.

El foro apelativo rechazó el planteamiento del peticionario con respecto al Artículo 959 del Código Civil. Expresó:

Zepeda González plantea que la letra del precepto citado es clara y debe ser interpretada literalmente, de forma que, para que comience a transcurrir el término de treinta días señalado, es necesario que el tercero interesado solicite y el tribunal ordene al presunto heredero que se exprese en cuanto a su posición respecto a la herencia, y que le apercïba de que, transcurrido

el término se tendrá por aceptada la herencia. Sin embargo, tal interpretación es contraria a la que el Tribunal Supremo de Puerto Rico le impartió al artículo 959 del Código Civil en el caso <u>Banco Comercial de P. R. v. García</u>, 51 D.P.R. 735 (1937).

Dicho tribunal resolvió, además, que en el caso de autos, la presentación de la demanda y el emplazamiento habían sido suficientes para instar al peticionario a aceptar o repudiar la herencia. Indicó que como el edicto se había publicado el 19 de julio de 2002, el peticionario tenía hasta el 18 de agosto para contestar la demanda y también para anunciar si aceptaba o no la herencia, pero no lo había hecho ya que, el 20 de agosto, expirado el término de treinta días para hacer ambos pronunciamientos, había solicitado una prórroga para contestar la demanda o "hacer cualquier otro pronunciamiento que proceda en derecho." Añadió que el término para aceptar o repudiar la herencia es perentorio y, concluyó:

> De esta forma, concluimos que el término de 30 días que señala el artículo 959 del Código Civil es improrrogable, por lo que la actuación del tribunal recurrido al autorizar dos prórrogas a los codemandados para contestar la demanda, no puede ser interpretada de forma tal que implique la prórroga del plazo para aceptar o repudiar la herencia del artículo 959 del Código Civil. Puesto que el peticionario Gustavo Zepeda González otorgó la escritura de repudio luego de expirado el término de 30 días, tal acto no puede tener efecto alguno ni perjudicar a la parte demandante en el presente caso.

Consecuentemente, el 23 de octubre de 2003, denegó el recurso solicitado.

Inconforme con el referido dictamen del foro apelativo, Gustavo Zepeda González compareció oportunamente ante nos y formuló, en lo esencial, el siguiente señalamiento:

1. Erró el Tribunal de Circuito de Apelaciones al denegar el recurso de *certiorari* a pesar que el Tribunal de Primera Instancia declaró No Ha Lugar la Moción de Desestimación y aplicó erróneamente a los hechos del caso el Artículo 959 del Código Civil de Puerto Rico sin darle cumplimiento a lo exigido por la propia letra de dicho artículo, a saber, sin que el demandante-recurrido haya solicitado la interpelación judicial del demandado para que este aceptara o repudiara la herencia; ni el Tribunal de Instancia haya señalado término para que el codemandado-peticionario expresara su intención de aceptar o repudiar; ni tampoco se le apercibiera que en caso de no expresar su intención, se entendería aceptada la herencia, según requiere el antes citado Artículo 959.

El 23 de enero de 2004 expedimos el recurso solicitado a los fines de revisar el dictamen del foro apelativo del 23 de octubre de 2003, y para pautar lo que procediese en derecho.

La parte peticionaria presentó su alegato el 13 de abril de 2004, y la parte recurrida presentó el suyo el 14 de junio de 2004. Pasamos a resolver.

II

Nos toca decidir si en el caso de autos el peticionario Zepeda González repudió su herencia a tiempo, de modo que procedía que se desestimase la demanda instada en su contra para cobrar una deuda de su madre.

El asunto que aquí nos concierne tiene su raíz en el hecho de que en nuestro sistema de Derecho sucesoral rige la norma procedente de los romanos al efecto de que la herencia no se adquiere hasta que el llamado heredero la acepta. <u>Rivera Rivera v. Monge Rivera</u>, 117 D.P.R. 464 (1986). El llamado a herederoar no es propietario de las cosas hereditarias hasta que no acepta la herencia. Según explica el eminente comentarista Manuel Gitrama González, el silenciao del llamado heredero en cuanto a aceptar la herencia puede dar lugar a largos años de incertidumbre con respecto a las relaciones jurídicas que al fallecer el causante quedaron sin sujeto cierto. *Comentarios al Código Civil y Compilaciones Forales*, Tomo XIV, Vol. 1, Ed. Revista de Der. Privado, EDERSA, (1989) págs. 276-278.

Para paliar en algún grado la incertidumbre referida antes, el Código Civil español, como el nuestro, le conceden un remedio a cualquier interesado enn que el llamado heredero se decida a aceptar o repudiar la herencia. Personas tales como los coherederos que pueden tener derecho a acrecer; los legatarios, cuyo derecho puede ser considerado como un crédito contra el heredero; los sustitutos, que podrán heredar si el llamado a heredar no acepta; y, claro está, los acreedores del causante, que interesan cobrar sus créditos pronto —todos éstos **titulares de derechos expectantes** tienen un interés legítimo en terminar con la incertidumbre que existe si el llamado heredero no ha decidido si acepta o renuncia a la herencia.

M.anuel Gitrama González, *supra*, pág. 279. Para éestos

existe el remedio de la *interpellatuio in iure* del Art.

1.004 del Código Civil español, y del Art. 959 del nuestro.

Veamos.

**Art. 959 – 31 L.P.R.A. sec 2787. – Término para declaración de intención**

Instando, en juicio, un tercer interesado para que el heredero acepte o repudie, **deberá el Tribunal Superior señalar a éste un término, que no pase de treinta (30) días**, para que haga su declaración; apercibido de que, si no la hace, se tendrá la herencia por aceptada. (Énfasis suplido).

Otras disposiciones del Código Civil de Puerto Rico

también aplican al caso de autos, por ser pertinentes a la

aceptación y repudiación de la herencia. Veamos.

**Art. 962 – 31 L.P.R.A. sec. 2790. – Cómo se hará la repudiación**

La repudiación de la herencia deberá hacerse en instrumento público o auténtico, o por escrito presentado a la sala competente del Tribunal Superior para conocer de la testamentaría o del *ab intestato*.

**Art. 968 – 31 L.P.R.A. sec. 2805. – Término para solicitar beneficio de inventario – Heredero en posesión de los bienes**

El heredero que tenga en su poder los bienes de la herencia o parte de ellos y quiera utilizar el beneficio de inventario o el derecho de deliberar, deberá manifestarlo a la sala del Tribunal de Primera Instancia competente para conocer de la testamentaría o del *ab intestato*, dentro de los diez días siguientes al en que supiere ser tal heredero, si reside en el lugar donde hubiese fallecido el causante de la herencia. Si residiere fuera, el plazo será de treinta (30) días.

En uno y otro caso el heredero deberá pedir a la vez la formación del inventario, y la citación

a los acreedores y legatarios para que acudan a presenciarlo si les conviniere.

**Art. 969 – 31 L.P.R.A. sec. 2806. – Cuando los bienes no están en posesión del heredero**

Cuando el heredero no tenga en su poder la herencia o parte de ella, ni haya practicado gestión alguna como tal heredero, **los plazos expresados en la sección anterior se contarán desde el día siguiente al en que expire el plazo que el Tribunal Superior le hubiese fijado para aceptar o repudiar la herencia, conforme a la sec. 2787 de este título o desde el día en que la hubiese aceptado o hubiera gestionado como heredero.** (Énfasis suplido).

Como puede observarse, el Art. 959 los artículos referidos del Código Civil, particularmente el Art. 959, establecen el remedio que tiene un acreedor paraque interesa poder proceder contra unos herederos para el cobro de una deuda contraída por el causante, en casos como el de autos. El remedio referido consiste de cuatro elementos. Primero, el acreedor **debe interpelar judicialmente** al heredero para que acepte o renuncie a la herencia. Segundo, el foro judicial **debe fijar un término** no mayor de treinta días para que el heredero acepte o repudie la herencia. Tercero, Een la orden judicial correspondiente, el tribunal **debe apercibir al heredero** de que si no se expresa dentro del término que se le fijó, **la herencia se tendrá por aceptada**. Tercero, dentro de los términos de diez o treinta días, según fuere el caso, el heredero debe notificarle al tribunal que antes de decidir si acepta o repudia la herencia, **quiere utilizar el beneficio de inventario o el**

**derecho de deliberar**, si es que interesa ejercer tales opciones. Finalmente Cuarto, **el heredero acepta o renuncia la herencia**, mediante instrumento público o por escrito judicial.

En Banco Comercial de P. R. v. García, supra,51 D.P.R. 735 (1937), una antigua decisión de este Foro de hace siete décadas, resolvimos que la demanda de un acreedor contra la sucesión en cobro de una deuda del causante, satisfacía el requisito del Art. 959 del Código Civil de interpelar al heredero para que aceptase o renunciase la herencia. Determinamos que la propia demanda en cobro de dinero contra la sucesión constituía una **"intimación judicial"**[1] para que los herederos aceptasen o repudiaran la herencia. Resolvimos así aunque en la demanda de dicho caso no incluía expresamente ninguna interpelación como tal con respecto a que se aceptase o renunciase la herencia involucrada en ese casoen cuestión.

El dictamen de Banco Comercial de P. R. v. García, *supra*, ha sido severamente criticado por Efraín González Tejera, en su obra *Derecho de Sucesiones*, Tomo I, Ed. de la UPR (2001), págs. 187-188. Como bien señala González Tejera, lo resuelto en Banco Comercial de P. R. v. García, *supra*, era contrario a varios precedentes de este mismo Tribunal, y contrario también al claro tenor de lo dispuesto en el Art. 959 del Código Civil, *supra*, que requiere la interpelación judicial expresamente. Más aun, el dictamen del Banco

---

[1] Lo explicamos así en Rivera Rivera v. Monge Rivera, 117 D.P.R. 464, 481-482 (1986).

Comercial de P. R. v. García, *supra*, no es consistente con el interés de todos los titulares de derecho expectantes referidos antesjurídico en que el hecho de la aceptación o repudio de una herencia quede claramente establecido. Véase, Ex Parte Finlay, Waymouth & Lee y C. Armstrong E Hijos, 42 D.P.R. 845 (1931); y Rosa v. Sucesión García, 32 D.P.R. 586 (1923). Quizás por ello, este Tribunal no volvió a citar posteriormente a Banco Comercial v. García, *supra*, a pesar de tener la oportunidad de hacerlo en casos en que era aplicable. Véase, González Tejera, *supra*, a la pág. 188.

La postura crítica de González Tejera en torno a la con respecto a lo resuelto en <u>Banco Comercial de P.R. v. García</u>, supra, fundamentada en una interpretación y aplicación de lo que literalmente dispone el texto del Art. 959 en cuestión, refleja también lo que sostiene en general la doctrina civilista, en la cual se señala claramente que un tercero interesado en que un presunto heredero acepte o repudie la herencia **deberá ejercer** la *"interpellatio in iure"* a fin de que el tribunal designe un término para que el presunto heredero declare si acepta o renuncia la herencia haga la declaración correspondiente, instado a ello por el debido apercibimiento judicial. Véase, Manuel Gitrama González, *supra*,; José María Manresa y Navarro, *Comentarios al Código Civil Español*, Madrid, Ed. Revs., 1955, págs. 496-500; Jaime Santos Briz, *Derecho de Sucesiones*, EDERSA, 1979, Tomo VI, págSs. 56-57; J. L. La Cruz Berdejo y F. Sánchez Rebullida, *Derecho de Sucesiones*, Barcelona, Bosch, 1971, págS. 119-120; X. O'cCallaghan Muñoz, *Compendio de Derecho Civil*, Tomo V, EDERSA, 1987, pág. 45..

Lo anterior, no obstante, debe señalarreconocerse que nuestro dictamen en <u>Banco Comercial de P. R.  v. García</u>, *supra*, no fue tan tajante o rígido como lo interpretó el foro apelativo en este caso. En dicha opinión señalamos lo siguiente, a la pág. 740:

> "Es verdad que de acuerdo con el Art. 959 un tercero interesado puede requerir a un heredero para que acepte o repudie la herencia, **pero si con la interpretaosición de la demanda se obtiene este propósito**, parece innecesario que se le obligue a cumplir con dicho requisito como condición

precedente para establecer su reclamación. **Se trata simplemente de una cuestión de procedimiento**..." (Énfasis suplido).

En esa misma opinión, luego de señalar que la demanda del deudor podía hacer las veces del requerimiento en cuestión – del *interpellatio in iure* – indicamos a reglón seguido que hecho dicho requerimientouna vez presentada dicha demanda

> "... **nada impide que [los demandados] puedan solicitar de la corte la concesión de un tiempo razonable para aceptar o repudiar la herencia.**"
> **Id. pág. 739.**

Es evidente de lo anterior que, **dependiendo de sus términos**, una demanda de un acreedor contra un heredero para cobrar lo adeudado por su causante **puede** constituir el *interpellatio in iure* del Art. 959; y, que si el tribunal no fija entonces un término para que el heredero declare si acepta o renuncia la herencia, la parte demandada **puede solicitar un término razonable para hacerlo**. Visto de esta manera, armonizamos lo resuelto en Banco Comercial de P. R. v. García, *supra*, con enl claro tenor literal del Art. 959 referido y su interpretación en la doctrina civilista. Además, de esta manera evitamos adentrarnos a considerar el reclamo del peticionario Zepeda González sobre el debido proceso de ley, que en nuestros días exige con particular

rigor que las disposiciones estatutarias sobre los derechos de las personas se observen al pie de la letra.[2]


III

Al examinar detalladamente los hechos del caso de autos, con miras a aplicar la normativa reseñada antes, observamos que la demanda enmendada presentada al foro de instancia para incluir a los Zepeda González en el lugar de su fallecida madre, fue muy escueta en cuanto al asunto que aquí nos concierne. Sólo indicaba que la señora Ivette González había fallecido, **"siendo los herederos de ésta Gustavo Zepeda González y Roberto Zepeda González"**. Carecía de los elementos mínimos necesarios para constituir a la vez la *interpellatio in iure* en cuestión. Así pues, Nno se hacíaizo en ella alegación alguna de que los éstosZepeda González hubiesnn aceptado la herencia. Tampoco se alegaó que éstos debían decidir dentro del término de treinta días fijado por el Art. 959 del Código Civil, *supra*, si la aceptaban o la repudiaban dicha herencia. Más aun, de ningún modo se alegó que los presuntos herederos se incluían en la demanda, no porque hubiesen garantizado personalmente y solidariamente la deuda de Latinoamericana de Exportación como lo hizo su madre, sino porque ellos como herederos que presuntamente habían aceptado la herencia de su madreen cuestión, respondían por las cargas

---

[2] Véase, <u>Torres v. J. Exam. C.I.A.A.</u>, res. 27 de abril de 2004, 161 D.P.R. ___. 2004 TSPR 65, 2004 JTS 71; y <u>Pueblo v. Serbiá</u>, 78 D.P.R. 788, 792 (1955).

de dicha herencia, conforme a lo dispuesto por el Art. 957 del Código Civil, 31 L.P.R.A. sec. 2785. Véase, Berríos v. Rivera, 64 D.P.R. (1949).

Finalmente y lo más importante aquí, no hayubo nada en la demanda enmendada en cuestión que de modo alguno le instara al tribunal a efectuar siquiera se asemeje ael **apercibimiento** que exige el Art. 959 del Código Civil, *supra*, de que si los herederos no hacen su declaración sobre la aceptación de la herencia dentro del plazo correspondiente, **se tendrá la herencia por aceptada**. Y, claro está, no hubo aquí ningún apercibimiento por parte del propio tribunal. Estel apercibimiento referido es el elemento medular sobre el cual se erige el derecho del acreedor de reclamarle al heredero lo debido por su causante cuando aquel nada ha dicho sobre si acepta o no la herencia. Es el medio de lograr lo que en Banco Comercial de P. R. v. García, *supra*, identificamos como el propósito de lo dispuesto en el Art. 959 en cuestión: impedir que el heredero pueda **"evadir fácilmente con su silencio el cumplimiento de una obligación de su causante"**. Id, a la pág. 738.

A la luz de lo anterior, no se puede resolver razonablemente que la demanda enmendada en el caso de autos cuestión hacía las veces de la *interpellatio in iure* que requiere el Art. 959 del Código Civil, *supra*. Según hemos indicado ya, dichaLa demanda en cuestión no tenía los elementos mínimos necesarios para constituir la interpelación prevista en el Art. 959 referido. Era únicamente una demanda

ordinaria de cobro de dinero, carente de las alegaciones especiales que debía tener para constituir a la vez la interpelación exigida por el Art. 959 del Código Civil. Es por ello que no puedeodía darse por aceptada la herencia en el caso de autos, como erróneamente resolvió el foro apelativo aquí, aunque hubiesen  pasados treinta días desde que los Zepeda González fueron emplazados con la demanda enmendada en cuestión, sin que éstos hubiesen aceptado o repudiado la herencia aun como erróneamente resolvió el foro apelativo.

Según el foro *a quo*, la prórroga que los Zepeda González obtuvieron del tribunal de instancia para repudiar la herencia fue inoficiosa porque supuestamente el término máximo de treinta días para aceptar o repudiar la herencia previsto en el Art. 959 del Código Civil, *supra*, no es prorrogable. **Lo que el foro apelativo no consideró al resolver de este modo es que para que tal dictamen fuese válido, al menos tenía que haber ocurrido la *"interpellatio in iure"* debidamente.** Debe entenderse que Eel término en cuestión es un plazo límite de tiempo **para responder a la interpelación.** Se trata obviamente de dos aspectos interdependientes de una misma norma. No puede un acreedor aprovecharse del término referido cuando éste no ha realizado antes la interpelación a partir de la cual comienza a transcurrira dicho término.

Para concluir, nótese que aun si estimáramos que la escueta demanda del caso de autos sirvió como una

interpelación conforme a  lo resuelto en <u>Banco Comercial de P. R. v. García</u>, *supra*, en esa misma opinión reconocimos que si el tribunal no fijaba un término luego de presentada la demanda del acreedor para que el demandado aceptara o repudiara la herencia, contra los herederos del deudor –como sucedió aquí– entonces éste podía entonces solicitar la coaccncesión de un término razonable para elloaceptar o repudiar la herencia, antes de contestar la demanda. Eso, en esencia, fue precisamente lo que hicieron aquí los Zepeda González mediante la solicitud de prórrogas en cuestión. Como el foro de instancia no había fijado un plazo para que ellos aceptaran o repudiaran la herencia, éstos pidieron tiempo para ello mediante la solicitud de prórroga, a tenor con lo señalado en <u>Banco Comercial de P.R. v. García</u>, *supra*.

Es menester indicar aquí, además, que el foro apelativo erró al determinar que el término de treinta días aludido era uno perentorio. El plazo de treinta días a que alude el Art. 959, **<u>es prorrogable</u>**, conforme se señala claramente en la doctrina civilista. Véase, Manuel Gitrama González, *supra*, a la pág. 281 ("...tal plazo... a petición justificada, puede ser prorrogado por el Juez"). J. L. LaCruz Berdejo, *supra*, a la pág. 120, lo señala de este modo:

> "Diversos autores consideran el plazo... como prorrogable, por tratarse de un plazo procesal. Al menos, como dice ALBALADEJO... con esta opinión se logran obviar numerosos inconvenientes que se derivarían de la contraria".

Con lo anterior coincide también el comentarista puertorriqueño José Vélez Torres. Véase, J. R. Vélez Torres,

*Derecho de Sucesiones*, 2da. Ed. Revisada, 1992, pág. 447. Tratándose, pues, de una cuestión procesal, como señalamos en Banco Comercial de P. R. v. García, *supra*, el término referido es evidentemente prorrogable. Regla 68.2 de Procedimiento Civil de Puerto Rico; Pietri González v. Tribunal Superior, 117 D.P.R. 638 (1986).

Resolvemos, pues, que en el caso de autos el peticionario, Gustavo Zepeda González ~~los presuntos herederos~~, renunciaronió a la herencia de su madre válidamente, por lo que procedía laconceder la moción de desestimación que presentadaaron ante el foro de instancia. Erraronó el foro de instancia y el foro apelativo al resolver de otro modo, por lo que procede que se revoquen sus dictámenes..

Se dictará sentencia de conformidad.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Banco Bilbao Vizcaya Argentaria
Puerto Rico antes Banco Bilbao
Vizcaya Puerto Rico

    Demandante-Recurrido

        vs.                  CC-2003-931        Certiorari

Latinoamericana de Exportación,
Inc.; La Sucn. de Ivette
González, Etc.

    Demandada-Peticionaria
    La Segunda

SENTENCIA

San Juan, Puerto Rico, a 22 de abril de 2005.

        Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se resuelve que en el caso de autos el peticionario, Gustavo Zepeda González, renunció a la herencia de su madre válidamente, por lo que procedía conceder la moción de desestimación que presentó ante el foro de instancia. Erraron el foro de instancia y el foro apelativo al resolver de otro modo.

        Por lo anterior se revocan los dictámenes del Tribunal de Circuito de Apelaciones Circuito Regional I – San Juan y del Tribunal de Primera Instancia, Sala Superior de San Juan.

        Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre sin opinión.

                 Aida Ileana Oquendo Graulau
                Secretaria del Tribunal Supremo