ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| JONATHAN CUEVAS ANDÚJAR, NÉLIDA ANDÚJAR TORRES RECURRIDOS V. ISMAEL ANDÚJAR TORRES, ELIEZER ANDUJAR TORRES, JOSÉ LUIS ANDÚJAR TORRES, SUCESIÓN DE LUCILA ANDÚJAR TORRES COMPUESTA POR GRACIANO OQUENDO ANDÚJAR, TANY XAVIER MERCADO ANDUJAR RECURRIDOS **PEDRO OQUENDO ANDÚJAR** PETICIONARIO | TA2025CE00563 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Superior de Utuado Caso Número: UT2025CV00066 Sobre: Liquidación de comunidad de bienes hereditarios |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico a 31 de octubre de 2025.

Comparece Pedro Oquendo Andújar (peticionario o señor Oquendo Andújar), mediante recurso de *certiorari* presentado el 6 de octubre de 2025 y nos solicita que dejemos sin efecto la *Resolución y Orden* dictada por el Tribunal de Primera Instancia, Sala de Utuado (TPI o foro primario) el 19 de agosto de 2025. Mediante el referido dictamen, el foro primario declaró "No Ha Lugar" la *Solicitud de Desestimación* del peticionario.

**I.**

La parte demandante, Jonathan Cuevas Andújar, Nélida Andújar Torres ( aquí parte recurrida) presentó una *Demanda* de liquidación de comunidad de bienes hereditarios de quienes en vida

fueron Don Ismael Andújar Medina (q.e.p.d.) y Doña María Torres Rivera (q.e.p.d.), contra Ismael Andújar Torres; Eliezer Andújar Torres; José Luis Andújar Torres; la Sucesión de Lucila Andújar Torres, compuesta por: Graciano Oquendo Andújar, Pedro Oquendo Andújar y Tany Xavier Mercado Andújar, el 14 de febrero de 2025.[1] Ante la radicación de dicho pleito, el peticionario repudió la herencia de sus abuelos, Don Ismael Andújar Medina (q.e.p.d.) y Doña María Torres Rivera (q.e.p.d.), mediante Escritura número 52 del 11 de abril de 2025, autorizada por el notario Miguel J. Negrón Vives y a esos efectos, solicitó la desestimación ese mismo día.[2] El 16 de abril de 2025, los recurridos, presentaron su oposición a la desestimación.[3] Ambas partes duplicaron y triplicaron en cumplimiento con las órdenes del TPI.[4]

Así las cosas, el 7 de julio de 2025, el foro primario determinó que el derecho de aceptar o repudiar la herencia de sus abuelos no fue transferida al señor Oquendo Andújar por cuanto, su señora madre aceptó tácitamente la herencia al presentar un caso de desahucio, relacionada con la propiedad descrita en la *Demanda*, en cual se identificó como heredera de Don Ismael Andújar Medina y Doña María Torres Rivera.[5]

Ante dicha determinación, el 15 de julio de 2025, el peticionario presentó una segunda *Solicitud de Desestimación* por haber repudiado la herencia de su madre, Lucila Andújar Torres, el 10 de julio de 2025.[6] El 28 de julio de 2025, los recurridos

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI). Mediante Resolución del 26 de marzo de 2025, el TPI les anotó la rebeldía a los codemandados Graciano Oquendo Andújar e Ismael Andújar Torres y el 27 de marzo de 2025, le anotó la rebeldía a la parte codemandada Tany Xavier Mercado Andújar. Mediante Resolución del 28 de marzo de 2025, se les anotó la rebeldía a los codemandados Eliezer Andújar Torres y José Luis Andújar Torres.
[2] Entrada #38 del SUMAC TPI.
[3] Entrada #40 del SUMAC TPI.
[4] Entrada #42, 47-49 del SUMAC TPI.
[5] Entrada #55 del SUMAC TPI.
[6] Entrada #56 del SUMAC TPI.

presentaron su oposición.[7] Posteriormente, el peticionario duplicó y los recurridos triplicaron.[8]

Luego de varios incidentes procesales, el TPI declaró "No Ha Lugar" la *Solicitud de Desestimación*.[9] Oportunamente, el señor Oquendo Andújar presentó una reconsideración, a la que la parte recurrida se opuso.[10] Finalmente, el 5 de septiembre de 2025, el TPI declaró "No Ha Lugar" la *Solicitud de Reconsideración*.[11]

Inconforme con el proceder del TPI, el 30 de mayo de 2025, el señor Oquendo Andújar acudió ante este Tribunal mediante recurso de *certiorari* y señala el siguiente error:

> **Erró el Tribunal de Primera Instancia al no desestimar con perjuicio la causa de acción en contra del Peticionario Pedro Oquendo Andújar, a pesar de éste haber repudiado válidamente la herencia de su madre Lucila Andújar Torres**

De otro lado, el 24 de marzo de 2025, los recurridos presentaron su oposición al *certiorari*. En síntesis, estos sostienen que no procede la expedición del *certiorari*, ya que a su entender el TPI no actuó de forma arbitraria, caprichosa, y tampoco surge que haya abusado de su discreción. Además, alegan que el foro primario no se equivocó al no conceder la solicitud de desestimación, toda vez que el peticionario aceptó tácitamente la herencia de su señora madre, Lucila Andújar Torres.

## II.

### A. Certiorari

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*,

---

[7] Entrada #60 del SUMAC TPI.
[8] Entrada #61, 66, 67, 73 del SUMAC TPI.
[9] Entrada #95 del SUMAC TPI.
[10] Entrada #105 y 107 del SUMAC TPI.
[11] Entrada #109 del SUMAC TPI.

211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López*, *supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al.*, *supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, supra, pág. 372 (citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016)).

Por otra parte, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el foro primario, solamente será expedido por este Tribunal cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil o de la denegatoria de una moción de carácter dispositivo. Ahora bien, por excepción este foro apelativo podrá revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) casos que revistan interés público; (6) o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. En los casos antes mencionados, el foro apelativo no tiene que fundamentar su decisión al denegar la expedición de un recurso de *certiorari.*

Asimismo, con el fin de que podamos ejercer de manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), R. 40, nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. En lo pertinente, la Regla 40 dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ahora bien, ninguno de los criterios antes citados es determinante por sí solo y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo que "se demuestre que este último actuó con

prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular,* 152 DPR 140, 155 (2000) (citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986)). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

### B. Desestimación

La Regla 10.2 de Procedimiento Civil, 32 LPRA sec. Ap. V , permite a un demandado solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1065 (2020); *Sánchez v. Aut. de los Puertos,* 153 DPR 559, 569 (2001). Esa solicitud deberá hacerse mediante una moción y basarse en uno de los fundamentos siguientes: (1) falta de jurisdicción sobre la materia o persona, (2) insuficiencia del emplazamiento o su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) dejar de acumular una parte indispensable. *Conde Cruz v. Resto Rodríguez, supra.*

Así, entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra.* Véase, además, *Costas Elena y otros v. Magic Sport Culinary Corp. y otros,* 213 DPR 523, 533 (2024). Al resolverse una moción de desestimación por este fundamento, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que

hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Colón v. Lotería,* 167 DPR 625,649 (2006).

Además, tales alegaciones hay que interpretarlas conjuntamente, liberalmente y de la manera más favorable posible para la parte demandante. *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497,505 (1994). La demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno, bajo cualesquiera hechos que pueda probar. *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407,423 (2012). Tampoco procede la desestimación si la demanda es susceptible de ser enmendada. *Clemente v. Dept. de la Vivienda,* 114 DPR 763, 764 (1983). En fin, debemos considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida". *Rivera Candela v. Universal Insurance Company,* 214 DPR 1007,1023 (2024). Véase, además, *Pressure Vessels P.R. v. Empire Gas P.R., supra; Unisys v. Ramallo Brothers,* 128 DPR 842, 858 (1991).

### C. Aceptación y la repudiación de la herencia

Nuestro Código Civil de 2020, 31 LPRA sec. 5311 *et seq.,* dispone todo lo concerniente la aceptación o repudiación la herencia. El Artículo 1576 del referido código, nos indica que toda persona que no tiene restricción para obrar puede aceptar o repudiar la herencia. 31 LPRA sec. 11019. De manera que, el llamado por ley o mediante testamento para recibir el caudal hereditario es libre para aceptar o rechazar el llamamiento. *Scotiabank v. Sucn. Quiñones et al.,* 206 DPR 904, 920 (2021). Ahora bien, para adquirir una herencia no basta con la muerte del causante, sino que, además, es necesaria la aceptación por parte del

llamado a suceder, a quien se le reconoce también la posibilidad de rechazarla. Íd., pág. 919.

En concordancia con lo anterior, la delación es el momento a partir del cual una persona puede aceptar o repudiar la herencia o el legado. Art. 1568 del Código Civil, 31 LPRA sec. 11011. Conforme a ello, se acepte o se repudie la herencia se tratará como un acto irrevocable, libre y voluntario, cuya validez solo podrá ser impugnada por adolecer de alguno de los vicios que anula el consentimiento o ante la aparición de un testamento desconocido. Art. 1571 del Código Civil, 31 LPRA sec. 11014; *Scotiabank v. Sucn. Quiñones et al.*, *supra,* pág. 920. Conviene mencionar, que los efectos de la aceptación o repudiación se retrotraen al momento de la muerte de la persona a quien se hereda. Art. 1572 del Código Civil, 31 LPRA sec. 11015.

Así pues, la aceptación puede hacerse de forma expresa mediante documento público o privado. Igualmente, la aceptación puede ser tácita cuando el llamado a heredar: (a) dona o trasmite a título oneroso, su derecho a la herencia o a alguno de los bienes que la componen; (b) renuncia a favor de uno o de algunos de los llamados a la herencia; y (c) sustrae u oculta bienes de la herencia. Art. 1580 de Código Civil, 31 LPRA sec. 11023 Además, se entenderá por aceptada la herencia cuando vence el plazo fijado por el TPI para que el heredero acepte. *B.B.V.A. v. Latinoamericana* 164 DPR 689, 696 (2005).

Ahora bien, para ilustrar aún más lo que constituye una aceptación tácita, a continuación, algunos ejemplos de la jurisprudencia española: cobrar un crédito a favor del caudal; vender bienes del caudal para el pago de deudas; sustituir al causante como parte de un procedimiento judicial; comparecer a la partición como parte para oponerse a la ejecución de un crédito contra bienes del caudal; otorgar escritura de arrendamiento de

bienes del caudal en la condición de heredero; reclamar a un deudor del caudal que le rinda cuentas e interponer demanda relativa a los bienes relictos. M. R. Garay Aubán, *Código Civil 2020 y su historial legislativo: Artículo, Referencias, Concordancias, Notas del Compilador y Memoriales Explicativos*, 2da. ed., San Juan, Ed. Situm, 2021, T. 2, pág. 66.

En *Rodríguez v. Ubides Vda. de Font,* 58 DPR 252, 258-259 (1941), nuestro más alto foro local explicó los comentarios hechos en el Código Civil Español, del cual surge la aceptación tácita adoptada en nuestro ordenamiento. En lo particular, para que se entienda que hubo aceptación tácita, se requiere actos del heredero o realizados en su nombre. Estos actos se definen como "hechos propiamente dichos, manifestaciones escritas o palabras que dan cuerpo y vida a esa acción". Íd., pág. 258. Dichos actos deben ser tales, que necesariamente supongan la intención, o la voluntad de aceptar. Íd.

Adviértase que, para que la aceptación tácita equipare los efectos de la expresa, la ley tiene que referirse a actos que ofrezcan la misma garantía de madura reflexión que supone un documento escrito en el que se toma la cualidad de heredero. Íd. De modo que, "[s]i pueden tener distinta significación o interpretarse de un modo diferente, no hay aceptación. . .". Íd., págs. 258-259. En esta modalidad, lo determinante es que el llamado a heredar no expresa por escrito su deseo de ser heredero, sino que lleva a cabo actos en los que actúa como tal. Íd., pág. 258. Por lo tanto, "es indispensable, para que exista una aceptación tácita, que los actos que realice el heredero supongan ineludiblemente la intención o voluntad de aceptar". *Sucn. Maldonado v Sucn. Maldonado,* 166 DPR 154, 178 (2005).

Por otro lado, no se acepta la herencia tácitamente "cuando el llamado realiza actos posesorios, de conservación, de vigilancia o de

administración o cuando paga los impuestos que gravan la sucesión, salvo que, con tales actos, tome el título o la cualidad de heredero". Art. 1581 de Código Civil, 31 LPRA sec. 11024. De igual forma, no acepta tácitamente la herencia el que renuncia gratuitamente esta, en favor de las personas a las que se transmite la cuota del renunciante. Íd.

En cambio, la repudiación de la herencia es el acto por el cual el llamado a suceder manifiesta su voluntad de no ser heredero. Art. 1582 del Código Civil, 31 LPRA sec. 11025. Este puede hacerse mediante una escritura pública o un escrito dirigido al tribunal. Art. 1583 del Código Civil, 31 LPRA sec. 11026. Siendo ello así, estamos ante una renuncia pura y simple, pues la porción que pudo haberle correspondido no surtió ningún efecto sobre el llamado, sino más bien llegó directamente del causante sustituto y no a través del patrimonio de quien repudió. M. R. Garay Aubán, *op. cit.*, págs. 67-68.

### D. Derecho de Transmisión y Representación

En casos que el llamado a heredar muera antes de aceptar o repudiar la herencia, esta se transmitirá a los herederos de este con el mismo derecho que tenía de aceptarla o repudiarla, salvo expresa disposición testamentaria en contrario. Art. 1586 del Código Civil, 31 LPRA sec. 11029. Es la facultad que nuestro ordenamiento le da al heredero de ejercer las opciones su causante tenía y que no llegó a ejercer. M. R. Garay Aubán, *op. cit.,* págs. 70-71. En otras palabras, el derecho de transmisión se da en casos que alguien fallezca y deje como heredero a su hijo, el cual también fallece sin haber aceptado o repudiado la herencia de su padre, entonces, es el nieto a quien puede aceptar o repudiar la herencia de su abuelo. Íd., pág. 71.

Por otra parte, la representación se da cuando el llamado a heredar repudia, los descendientes mediante tienen derecho a

heredar en el lugar y en el grado de su ascendiente y a recibir la herencia que le correspondería a este. Art. 1611 del Código Civil, 31 LPRA sec. 11091; Art. 1615 del Código Civil, 31 LPRA sec. 11095. La representación opera cuando el llamado a heredar: (1) premuere al causante; (2) es declarado indigno o incapaz; (3) ha sido desheredado; o (4) repudia la herencia. Art. 1612 del Código Civil, 31 LPRA sec. 11092. Es una novedad del Código Civil 2020 el que opere el derecho de representación en casos de repudiación. Esto, con el fin de favorecer la estirpe, "considerándola como una unidad orgánica descendiente de su autor común y en la idea de que, al igual que en casos de desheredación e indignidad no debe perjudicar a su descendencia inocente". M. R. Garay Aubán, *op. cit.* pág.102. A esos efectos, el derecho de representación tiene lugar en la línea recta descendente del causante, pero nunca en la línea recta ascendente. En la línea colateral, solo tiene lugar en favor de los colaterales preferentes. Artículo 1613, 31 L.P.R.A. sec. 11093.

### E. Parte indispensable

Como parte del debido proceso de ley, es requerido acumular a todas las partes que tengan un interés común en un pleito. Esto responde a dos principios básicos: (1) la protección constitucional que impide que una persona sea privada de la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de que el dictamen judicial que en su día se emita sea uno completo. *Pérez Ríos et al v CPE*, 213 DPR 203, 212 (2023); *RPR & BJJ, Ex Parte*, 207 DPR 389, 407 (2021); *Cepeda Torres v. García Ortiz*, 132 DPR 698, 704 (1993).

La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, establece que las personas que tengan un interés común sin cuya presencia no puede adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda.

El interés común al que se hace referencia la precitada regla no es cualquier interés en el pleito, sino que éste tiene que ser de tal orden que impida la confección de un derecho sin afectar los derechos de las personas que tengan un interés en el pleito y que están ausentes. *López García v. López García*, 200 DPR 50, 63-64 (2018). Además, el interés afectado tiene que ser real e inmediato, al extremo de impedir que se emita un decreto adecuado, ya que según la Regla 16.1, *supra,* una parte indispensable es aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados si se dicta una sentencia y la persona está ausente del litigio. Íd.

En lo pertinente, se ha reconocido que una asociación tiene legitimación activa y puede acudir al foro judicial a nombre de sus miembros para vindicar los derechos de la entidad. *Fund. Surfrider y otros v. ARPE*, 178 DPR 563 (2010).

**III.**

Como único señalamiento de error, el señor Oquendo Andújar aduce que el TPI erró al no desestimar con perjuicio la causa de acción en su contra, pese a que repudió la herencia de su madre mediante escritura pública.

Surge del expediente ante nos, que el peticionario presentó una primera *Solicitud de Desestimación* al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, anejando la Escritura 52 otorgada el 11 de abril de 2025, en la que pretendía repudiar la herencia de sus abuelos mediante el derecho de transmisión que aparentaba tener por su madre. No obstante, el TPI determinó que el derecho de aceptar o repudiar la herencia de sus abuelos no fue transferida al peticionario, dado que su madre estaba viva al momento del fallecimiento de don Ismael Andújar Medina y doña María Torres Rivera y esta aceptó tácitamente la herencia de sus padres al presentar un caso de desahucio, relacionada con una propiedad de

la sucesión. Siendo ello así, el foro primario declaró que la referida escritura es inoficiosa, por cuanto nula. Ante esta determinación, el señor Oquendo Andújar presentó una segunda *Solicitud de Desestimación* por haber repudiado la herencia de su madre, Lucila Andújar Torres, mediante Escritura 87 otorgada el 10 de julio de 2025.[12] No obstante, el TPI declaró "No Ha Lugar" la *Solicitud de Desestimación* presentada por el peticionario y con ello, denegó la repudiación de la herencia.

Por su parte, los recurridos alegan que el TPI no incidió al no desestimar, ya que el peticionario aceptó la herencia de su madre tácitamente con sus propios actos. En específico, los recurridos plantean que dicha aceptación puede inferirse tácitamente de la carta enviada el 7 de abril de 2025, suscrita por la representante legal del peticionario. Según alegan, en dicha carta se desprende la intención del señor Oquendo Andújar de aceptar la herencia, dado que la representante legal indicó lo siguiente: "la posible cesión de derechos y acciones hereditarias de la propiedad en controversia en el caso de referencia, de nuestro representado, a favor de su cliente, Nélida Andújar Torres".[13]

Igualmente, los recurridos sostienen que la aceptación de la herencia puede inferirse tácitamente por ciertas expresiones escritas que consignó el peticionario el 2 de marzo de 2025 al recurrido Jonathan Cuevas Andújar. En específico, mediante mensajes compartidos en la aplicación "WhatsApp", el peticionario expresó lo siguiente:

> Le dije a los abogados que mi parte se la pasara a Titi Nelida (sic) porque fue la única que los cuidó (hablando de los hijos)
>
> Y ya el abogado dijo que si (sic)
>
> Luego los abogados le harán llegar el reléase (sic)

---

[12] Entrada #56 del SUMAC TPI.
[13] Entrada #40 "Anejo" del SUMAC TPI.

O como se llame la vaina esa

Y declaración jurada…Bueno en fin no sé cómo se llama

Y le dije que le sujeriera (sic) a los demás lo mismo

Si es q (sic) tiene la oportunidad.[14]

A su vez, los recurridos entienden que al señor Oquendo Andújar haber reclamado su facultad legal de ejercer el derecho transferible de repudiar la herencia de sus abuelos —por su madre— aceptó la herencia. Es decir, estos razonan que al peticionario ejercer el derecho de transmisión heredado de su madre mediante la Escritura 52—la cual fue declarada nula por no aplicar el derecho de transmisión— aceptó la herencia de su madre. De modo que, estos concluyen que al peticionario equivocarse mediante escritura de trasmisión, significa que expresó su voluntad unilateral de ceder o transmitir derechos hereditarios y expresarse sobre la herencia con pronombres posesivos. No nos convence la postura de los recurridos. Nos explicamos.

Según vimos, la aceptación tácita es la que se hace por actos que suponen necesariamente la intención o voluntad de aceptar la herencia. *Sucn. Maldonado v Sucn. Maldonado, supra,* pág. 178. Nuestro Código Civil nos aclaró algunos de los escenarios en que un heredero pudiese acepta tácitamente la herencia, los cuales ameritan ser reseñados nuevamente. Al respecto, el Artículo 1576 de Código Civil, 31 LPRA sec. 11019, dispone que el heredero acepta tácitamente la herencia cuando: (a) dona o trasmite a título oneroso, su derecho a la herencia o a alguno de los bienes que la componen; (b) renuncia a favor de uno o de algunos de los llamados a la herencia; y (c) sustrae u oculta bienes de la herencia.

De conformidad con la normativa antes expuesta, ni del expediente ante nuestra consideración, ni en los planteamientos de

---

[14] Entrada #60 "Anejo 1" del SUMAC TPI.

los recurridos se desprende que el peticionario aceptó tácitamente la herencia de su madre. Contrario a lo expresado por los recurridos, la repudiación del peticionario a la herencia de los abuelos en la primera escritura no implicaba que se estuviese aceptando de forma tácita la herencia de su madre. Esto, porque el peticionario hizo dicha escritura por error con la idea de que su madre no había aceptado o repudiado la herencia de los padres de esta, este coligió lo que a su entender correspondía, a saber, el derecho de transmisión del Artículo 1586 del Código Civil, *supra*, que permite a una parte aceptar o repudiar por separado a ambas herencias.

Por tanto, somos de la opinión que dicho acto no debe ser catalogado como aceptación tácita de parte del peticionario. Además, tal y como se reseñó, el ejercer el derecho a aceptar o repudiar la herencia en virtud del derecho de transmisión, no se contempla como uno de los actos en que se constituye la aceptación tácita, conforme lo establece el antes citado Artículo 1580 del Código Civil, *supra*.

Por otra parte, en cuanto a las conversaciones transaccionales sobre la participación de la herencia del peticionario, coincidimos con este de que no deberían ser objeto de prueba para demostrar que su conducta constituyó una aceptación tácita a la herencia. Igualmente, no nos convence los mensajes de textos emitidos por el peticionario, puedan interpretarse como una aceptación tácita de parte de este. Todo lo contrario, entendemos que, al señor Oquendo Andújar repudiar ambas herencias, lo que ha demostrado es su intención inequívoca y expresa de no tener nada que ver con la herencia que dejaron sus abuelos y su madre. Por lo tanto, incidió el foro primario al no desestimar la causa de acción en contra de este, toda vez que este repudió conforme a derecho la herencia de su madre.

Por último, no podemos perder de vista, que, al peticionario, Pedro Oquendo Andújar repudiar correctamente la herencia de su madre, Lucila Andújar Torres, pueden surgir asuntos de parte indispensable por derecho de representación. Así pues, corresponde al TPI determinar el destino de la participación de la herencia a la que el peticionario repudió e incluir en el pleito a las personas, si alguna, que tengan derecho sobre la porción repudiada de la herencia[15].

**IV.**

Por los fundamentos que anteceden, expedimos el auto de *certiorari* y revocamos la *Resolución y Orden* recurrida.

Notifíquese.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[15] Véase, Artículo 1613, supra.